*I. Hartman* and *J. Bush*, for the plaintiff.

---

### Wood v. The State.

Indictment for a nuisance. The indictment charged that the defendant, on, &c., at, &c., unlawfully, &c., did maintain "a certain mill-dam in, about and across a certain stream of water in said county called *Elkhart* river." *Held*, that the locality of the nuisance was not described with sufficient certainty even on error.

ERROR to the *Lagrange* Circuit Court.

Davison, J.—Indictment for a nuisance found in the *Noble* Circuit Court, which, on change of venue, was tried in the *Lagrange* Circuit Court. The charge is that *Wood*, on the 1st day of *March*, 1850, at the county of *Noble*, and from that day until, &c., at said county, injuriously and unlawfully did continue and maintain a certain mill-dam in, about and across a certain stream of water in said county called *Elkhart* river, thereby then and there causing said river to overflow and back upon the lands adjacent thereto, and around said mill-dam, above the same. By means whereof divers unwholesome smells, &c., were emitted and issued from the water so overflowed; and the citizens of said county situated near to and around said mill-dam, in consequence, &c., have been greatly injured, annoyed, disturbed and made sick, &c.

Plea, not guilty. Verdict for the state, upon which the Court rendered a judgment, and therein ordered that the mill-dam mentioned in the indictment be abated by the sheriff. There were no motions for a new trial or in arrest. The indictment is alleged to be defective, because it does not state on what part of the river the nuisance was erected. This is the only point in the case.

The judgment refers to the indictment as descriptive of

Vol. V.—28

the locality of the mill-dam, and it therefore becomes important to inquire whether that description is sufficiently specific to enable the sheriff to execute the order of abatement with certainty and without mistake. We think the words "a certain mill-dam in, about and across a certain stream of water in said county called *Elkhart* river," are too general. Other mill-dams may exist on that river, within said county, and, in such case, it might become difficult for the sheriff to determine upon which to execute the process. The locality of the nuisance was, no doubt, susceptible of a specific description. It might have been designated as being at some known place within the county. The land on which the dam is constructed could have been described, or such a reference to known objects near or adjacent to it might have been made, as would have rendered the indictment, in point of description, sufficiently certain. *Cox* v. *The State*, 3 Blackf. 193, was a prosecution for obstructing a navigable stream. In that case, it was held that the indictment was defective, because it did not describe the place where the obstruction was situated. We perceive no valid reason why the same rule of description should not apply to the case under consideration.

The locality of the mill-dam not being stated with sufficient certainty, renders the indictment in this case insufficient, even on error. 1 Chitty Crim. Law 135.

*Per Curiam.*—The judgment is reversed. Cause remanded, &c.

*J. B. Howe*, for the plaintiff.

*R. A. Riley*, for the state.