Gilmore, J.
The defendants below were indicted under-section 2 of the act of May 1, .1857 (S. & C. 880), entitled “ an act in addition to the acts now in force to prevent nuisances.” This section, among other things,, provides that “ the obstructing or incumbering by fences, buildings, structures, or otherwise, any of the public highways, or streets or alleys of any city or village, shall be deemed nuisances; and every person or persons guilty of erecting, continuing, using, or maintaining or causing any such nuisance, shall be guilty of a violation of this act.”
Section 3 of the act is as follows: “ All prosecutions for a violation of the provisions of this act shall be by indictment in the court of common pleas of the county in which the offense is committed; and in case of the conviction of any person for any such nuisance, the court shall make it a part of the judgment of the court that such nuisance be abated or removed, by an order to be issued from said court to the sheriff of the proper county for that purpose, at the expense and costs of the defendant in such prosecution, unless such nuisance' shall be abated or removed before said order shall be issued to the sheriff.”
It is contended by counsel for plaintiffs in error: 1. That the indictment is not sufficient, under section 2 of the law, to put the defendants below upon their defense, irrespective of the fact that section 3 requires that, on conviction, an order to abate the nuisance must be made a part of the *539 judgment of the court, and that the demurrer should-, therefore have been sustained; and, 2. That, taking and construing sections 2 and 3 together, the indictment is not' sufficient to authorize or support the order and judgment contemplated by section 3, and that for this reason the motion in arrest of judgment should have been sustained. These will he noticed in their order.
The points made in support of the demurrer are: 1. That the indictment does not describe the location of the highway with sufficient certainty to apprise the defendants of the precise charge against them; and, 2. That it is not averred that travelers were actually hindered or put to inconvenience by reason of the alleged obstruction.
The general rule in reference to the first is that all the ingredients in the offense must be set forth in the indictment with certainty. This requires all the .facts and circumstances which constitute the offense to be stated with-such certainty and precision that the defendant may be enabled to judge whether they constitute the offense charged or not, in order that he may demur or plead intelligently,, or to plead a conviction or acquittal on this indictment in bar of another prosecution for the same offense, or that there may be no doubt as to the judgment to be rendered in case of conviction. There may be exceptions to this-general rule, but the case under consideration does not fall-within them.
The indictment describes the road as follows: “ A certain county road, duly, lawfully, and regularly established, laid out, opened, worked, and used as a public highway by the citizens of the State of Ohio, and which said public-highway is situate in the township of Jackson, in said' county of Ashland and State of Ohio.” Is this sufficiently certain ? In a civil action brought by one pierson against another to recover damages for a private nuisance, or to* recover for some special injury that he had sustained by .reason of a public nuisance, caused by the person against whom the action was brought, there is no doubt but that the plaintiff, in stating his cause of action, would have to- *540 locate and describe the nuisance complained of, by stating his proximity to it, or otherwise particularly describing how he was personally injured by it, with such certainty as to show that he was entitled to maintain the action in his ■own right; without this certainty he would fail in his action. Public highways are for the convenience of the people of the state at large. It is, therefore, an injury and a nuisance to the public to have a lawful highway obstructed in any part of the state. The only restriction imposed by law upon the right of the state to prosecute in such case is, that it must be in the county where the offense is committed. It is as much an offense to obstruct one public highway as another, and therefore an offense to obstruct any highway in the county, and as much an offense to ob■struct one part of a highway as another.
It must therefore follow, that the particular place of the •alleged obstruction is not a necessary ingredient of the offense, and need not be stated in the indictment.
It is also claimed that the indictment is defective in not .averring that the public or people passing and repassing on the highway, were actually hindered or put to inconvenience by reason of the alleged obstruction. At common law, this averment may have been necessary. But the second section of the statute under which the indictment was found, -declares that “the obstructing or incumbering by fences .. . . any of the public highways . . . shall be deemed nuisances.” The indictment charges the defendants with, obstructing and incumbering a public highway, by unlawfully placing and causing to be placed therein a fence of rails, and permitting and causing it to stand and remain therein.
This is what the statute declares shall he deemed a nui•sance, and we must hold the indictment to be good, without the averment contended for.
Secondly. Bid the court err in overruling the motion in arrest of judgment?
The views presented by counsel for plaintiffs in error, on this point, amount to this: That the second and third sec *541 tions of the statute are to he construed together in giving' effect to the law ; that the verdict, judgment, and the order' to abate the nuisance, which must be made part of the judgment, all refer to the indictment as descriptive of the locality of the nuisance; that the order to abate must issue to the-sheriff, as a matter of course, by the description contained-; in the indictment, which description, it is contended, is not sufficiently definite to apprise the sheriff of the precise fence-to he abated, and enable him to execute the order with certainty and without mistake; and it is urged that for these-reasons the judgment ought to have been arrested. These views are in accordance with the decisions in Indiana, as-appears from the cases cited. Wood v. The State, 5 Ind. 433; Cox v. The State, 3 Blackf. 193.
But the case of Smith v. The State, 22 Ohio St. 539, has been decided during the time this case has been pending' here, in which a construction has been given to the third section of the act under which these defendants were convicted and sentenced. The construction given to the section is as follows: “ The sentence and judgment required by the statute, upon conviction for maintaining a nuisance,, under the act of April 15, 1857, can not be dispensed with upon a showing that the nuisance does not exist at the time ■ such judgment is about to be rendered. In such case, however, an order to remove or abate the nuisance will not be issued as a matter of course, ’and on hearing of a motion for ■ such order, either party will be heard upon testimony, and if it then appears that such nuisance has ceased to exist, the order should not issue.” From the construction here given to the section, it is plain that the order to abate, which the - court is to make a part of the sentence and judgment, must follow conviction, whether the nuisance continues to exist or' not. The abatement of the nuisance is not therefore a punishment for the offense, but the removal of a thing injurious to the public. The order to abate the nuisance will not issue to the sheriff as a matter of course, hut only on a hearing of a motion for that purpose made by the prosecuting attorney to the court in which the conviction and sen *542 tence was had. The law thus provides and directs the mode of doing, through its tribunals and officers, that which might ■otherwise be lawfully done by anybody — viz., abate a public •nuisance where it can be done without endangering the public peace. The court hearing the motion and granting the •order to the sheriff to abate the nuisance, would not be .strictly bound by the description of the offense contained in the indictment, for the reason above stated, that the abatement is not a punishment for the offense, but an act of public justice, in ordering which the court would not be con-.strained by technical rules, but, if necessary, would be at liberty to avail itself of the testimony taken on the hearing •of the motion for the order to abate the nuisance, and aided by this, there would be but little probability of the order not .sufficiently describing the nuisance to enable the officer to .abate it without danger of mistake as to its identity.
We find no errors either in overruling the demurrer or •overruling the motion in arrest of judgment. .

Judgment affirmed.

McIlvaine, C. J., Welch, White, and Rex, JJ., concurred.