BALL *v.* THE STATE.

INFORMATION.—FORCIBLE ENTRY.—In a prosecution by information for a forcible entry and detainer, any variance between the description of the property, as laid in the information, and the evidence, will be fatal.

APPEAL from the *Tippecanoe* Common Pleas.

FRAZER, J.—This was an information for forcible entry and detainer, under sec. 12 of the misdemeanor act.   The premises were thus described in the information: "the following described land, and the first story of the building situate thereon, viz., the north-east corner of lot number one hundred, as designated on the original plat of the town of *Lafayette*," &c.   The proof showed the premises entered to be a building situated on the lot, thirty feet from the east line of it, as laid down on the plat referred to, and extending to the north line; that more than twenty years ago the city purchased that portion of the lot lying east of the building, for a market space; that it has ever since been used by the public for that purpose, and as a street, and has no buildings upon it; that the lot as platted was fronted on

the north by *Main*, and on the east by *Fifth* street, and was one hundred and thirty-two feet deep from east to west.

As originally platted, there is certainly nearly one-fourth of the lot lying east of the premises proved to have been entered. Its use as a market space and highway did not change the plat as made many years before. It is still a part of the lot "as designated on the original plat of the town of *Lafayette*."

The rule of law, as we understand it, is that in matters of local description, in such a case as this, any variance between the indictment or information and the evidence, will be fatal. *Rex* v. *Cranage*, 1 Salk. 385; 2 Stark. Ev. 1571; 1 Greenl. Ev. § 62.

The judgment is reversed, and the cause remanded for a new trial.

ELLIOTT, J., *dissenting.*—I cannot concur in the conclusion arrived at in this case by a majority of the court. The question presented is that of a variance between the proof and the information in the description of the premises alleged to have been forcibly entered and detained.

They are described in the information thus: "The following described land, and the first story of the building situate thereon, viz, the north-east corner of lot number one hundred, as designated on the original plat of the town of *Lafayette*," &c. The lot, as originally laid off, was bounded on the north by *Main* street, and on the east by *Fifth* street, but more than twenty years ago the city purchased thirty feet in width off of the east end thereof, for the use of the public as a market space, ever since which time it has been used as a market space and public street. There is no building on it.

The words, "as designated on the original plat of the town of *Lafayette*," used in the description of the premises, it seems to me, evidently have reference to the number of the lot, and not to the corner of it. The appropriation of thirty feet in width off of the east end of the lot, as a mar-

ket space and street, separated it from the residue of the lot, and the evidence shows that the building referred to was situated on the north-east corner of the lot as left, after the appropriation of the thirty feet to the public use, which, practically at least, is the north-east corner of the lot as it now is. In my opinion there was no material or substantial variance between the description and the proof.

*D. Mace* and *E. N. Greenlee,* for appellant.

*W. De W. Wallace,* for the State.