## WERTZ *v.* THE STATE.

CRIMINAL LAW.—*Nuisance.*—*Evidence.*—In a prosecution for the erection and maintenance of a nuisance, where it is alleged that the nuisance is located upon a particular tract of land, the State is bound to prove the location as alleged, or fail in the prosecution.

APPEAL from the Marion Criminal Circuit Court.

WORDEN, J.—This was a prosecution against the appellant for the erection and maintenance of a nuisance.

The case was commenced and tried before a justice of the peace, where the defendant was convicted and fined; but he appealed to the court from which this appeal is taken and upon trial therein was again convicted and fined, a motion for a new trial having been made in his behalf and overruled. Exception.

Two errors are assigned.

1st. That the court below erred in overruling a motion to quash the affidavit on which the prosecution was founded.

2d. That the court erred in overruling the motion for a new trial.

No objection is pointed out to the sufficiency of the affidavit, and we see none. We pass, therefore, to the consideration of the motion for a new trial.

The affidavit charges the nuisance (a soap factory) to have been erected and maintained in Center township, in said county of Marion, near to the city of Indianapolis, "upon the following land, to wit: The south-west quarter of section thirty-five (35), township seventeen (17), range three (3) east." It contains sufficient averments, as we think, to show that the establishment was a nuisance.

But on the trial of the cause, as is shown by a bill of exceptions, "there was no evidence to prove that said house so erected and used by the defendant, in the manner and for the purposes specified in said affidavit, was situated in or upon the land" specified in the affidavit, "as alleged in said

affidavit; nor that said furnace, boiler, or other apparatus, or other machinery, or any part thereof, was in or upon said" land, "nor that any portion of the operations for the manufacture of soap, or for any other purpose, as alleged in said affidavit, was performed in or upon said " land.

But it was shown that the nuisance was in Center township, in said county, and near to the city of Indianapolis; and in other respects the case was sufficiently made out.

The question arises whether the State, she having alleged that the nuisance was located upon a particular tract of land, was bound to prove it as alleged, or fail in the prosecution. We are of opinion that she was, and that the defendant's motion for a new trial should have prevailed. Perhaps the locality of a nuisance should be specifically described, where it is to be abated, so that the sheriff may execute the order of abatement with certainty and without mistake. *Wood* v. *The State*, 5 Ind. 433.

There was, however, no order of abatement in the present case, and it would seem that where no abatement is sought such locality need not be specifically stated, and perhaps not in any case. *Howard* v. *The State*, 6 Ind. 444.

But conceding that it was not necessary to have stated the particular tract of land on which the nuisance was located, but having stated it, the authorities are clear, as we think, that the State was bound to prove the location as stated. Gould Pl. 148, sec. 183, *et seq.*

We quote the following passage from Roscoe Crim. Ev. 85 :

"Where the name of a place is mentioned, not as matter of venue, but of local description, it should be proved as laid, although it need not have been stated. Thus where an indictment charged the defendant with being found armed, with intent to destroy game in a certain wood called the Old Walk, in the occupation of J. J., and it appeared in evidence that the wood had always been called the Long Walk, and never the Old Walk, the judges held the variance fatal."

The text is fully sustained by the case of *Rex* v. *Owen*, 1

Moody, 118. Here the particular tract of land on which the nuisance was alleged to have been situated was not stated as matter of venue, for the venue was Marion county. It was stated as descriptive of the offence charged in respect to its locality, and being thus matter of description, though perhaps unnecessarily stated, should have been proved as stated. We quote the following paragraph from 3 Stark. Ev. 1574:

"An action for a nuisance to the plaintiff's real property, whether corporeal or incorporeal, is local, and the action must be brought in the county where the property is situate.

"But it is not necessary to describe the precise local situation either of the property injured, or of the gravamen.

"And unless a precise description be given, the place mentioned will be ascribed to venue, and not considered to be descriptive.

"But if in such case a precise local description be given, it must be proved as laid, and a variance will be fatal."

It was upon this principle that the case of *Ball* v. *The State*, 26 Ind. 155, was decided. That was a prosecution for a misdemeanor in forcibly entering and detaining property described as follows: "The following described land, and the first story of the building situate thereon, viz., the north-east corner of lot number one hundred, as designated on the original plat of the town of Lafayette," etc.

The proof showed the premises entered to be a building on the lot mentioned, but not on the north-east corner thereof, and the variance was held to have been fatal.

ELLIOTT, J., dissented from the conclusion arrived at by a majority of the court, but not upon the legal proposition above stated. He thought the building was shown to have been on the north-east corner of the lot, with a view to its situation as stated in his dissenting opinion.

The judgment below is reversed, and the cause remanded for a new trial.

*J. R. Troxell* and —— *Ryman*, for appellant.

*J. C. Denny*, Attorney General, for the State.