Dennis *et al. v.* The State.

Filed Nov. 7, 1883.

---

No. 11,085.

DENNIS ET AL. *v.* THE STATE.

CRIMINAL LAW.—*Public Nuisance.*—*Slaughter-House.*—*Noisome and Offensive
Smells.*—*Instruction.*—*Error.*—Where the proprietors of a slaughter-house
are prosecuted for maintaining a public nuisance by allowing the offal
of slaughtered cattle and other animals to there accumulate, and noi-
some and offensive smells are emitted therefrom, the fact, if it be the
fact, that such smells are blended with like smells emanating from an-
other slaughter-house and other offal there accumulated, owned by other
parties, is no defence in a prosecution against the defendants only, and
can not justify or excuse their offence; and an instruction of the court
to that effect is not erroneous.

SAME.—*Information.*—*Matter of Description.*—*Variance.*—In a prosecution for
the maintenance of a public nuisance, matter of description in the in-
formation, as to the location of the nuisance, must be proved as charged,
and a variance will be fatal; and an instruction to the jury, to the effect
that it will be sufficient if they find a part only of such matter of de-
scription, is erroneous.

From the Hancock Circuit Court.

*E. Marsh, W. W. Cook, W. H. Martin, J. A. New* and *J. W.
Jones,* for appellants.

*F. T. Hord,* Attorney General, *L. P. Newby,* Prosecuting
Attorney, and *W. B. Hord,* for the State.

HOWK, J.—In this case John Dennis and James Coffield
were jointly prosecuted, tried and convicted, upon affidavit
and information, for maintaining and causing to be main-
tained a public nuisance. From the judgment of conviction,
they have appealed to this court, and have here assigned a

number of errors; but, as the only questions discussed by
their counsel arise under the alleged error of the court in
overruling their motion for a new trial, the other errors as-
signed must be regarded as waived, and therefore are not
considered.

Appellants' counsel first insist that the trial court erred in
giving the jury the following instruction: " If the defend-
ants maintained a slaughter-house, as charged in the affidavit
and information, and allowed and permitted offal of cattle
and other animals slaughtered there, if any, to there accu-
mulate as alleged in the information, and noisome and offen-
sive smells were then and there emitted therefrom, which
blended with noisome smells emanating from another slaugh-
ter-house and a deposit of filth in the vicinity of said
slaughter-house, if any, and rendered the air impure or un-
healthful, to the injury of the persons named in the informa-
tion, as therein alleged, the defendants would be liable, and
the fact that such other slaughter-house and deposit of filth
existed, and exhaled such noisome smells, if such is the fact,
would not justify or excuse the wrongful act of the defend-
ants, if provable."

Of this instruction appellants' counsel say : " This charge
in effect declares to the jury that the defendants are guilty, if
they maintained a slaughter-house, as charged, and suffered
and permitted offal to remain and collect thereabouts, and
noisome and offensive smells were emitted therefrom, al-
though insufficient to injure or damage either person or
property; yet, if this smell, blended with the noisome and
offensive smells emanating from another slaughter-house and
a deposit of filth in the vicinity of such slaughter-house, ren-
dered the air impure or unhealthful, to the injury of the per-
sons named in the information, then and in such case the de-
fendants are guilty."

The charge is not fairly susceptible, we think, of the con-
struction which counsel place upon it. Fairly construed, the
instruction told the jury that, if the defendants allowed the

offal of cattle and other slaughtered animals to accumulate at their slaughter-house, as charged in the information, from which noisome and offensive smells were emitted, which rendered the air impure or unhealthful, to the injury of the persons named in the information, the defendants would be liable, even if the fact were that such noisome and offensive smells were blended with like smells emanating from another slaughter-house and a deposit of filth in its vicinity, and that such fact would not justify or excuse the wrongful act of the defendants, if such act were provable. The fact, if it were the fact, that the proprietors of another slaughter-house, in the vicinage, were guilty of a like offence with the defendants, can not constitute a defence in a prosecution against the defendants only; and this, in effect, is what the jury were told in the instruction complained of. The jury could not have been misled by the instruction, and it contained, as we construe it, a correct statement of the law. *Attorney General* v. *Steward,* 20 N. J. Eq. 415; section 2066, R. S. 1881.

It is next claimed by the appellants' counsel. that the first instruction of the court to the jury was erroneous. It was charged in the affidavit and information, among other things, that the defendants at, etc., on, etc., and near the dwelling-houses of Joseph Loehr, Noble Warrum and Rufus Scott, and divers other citizens, etc., unlawfully maintained, and caused to be maintained, in said county, a slaughter-house for the purpose of slaughtering cattle, etc., where they, the defendants, unlawfully caused and suffered the entrails and offal of cattle, hogs and other animals to be collected and remain in and about their slaughter-house to the injury of Joseph Loehr, Noble Warrum and Rufus Scott, and divers other citizens being, passing and residing near their slaughter-house, by reason whereof divers noisome and offensive smells were from them emitted, etc., so that the air then and there was filled and impregnated with such smells, and made offensive, uncomfortable, unwholesome and injurious to the health, comfort and property of said citizens and individuals, etc., to their dam-

age, etc. The appellants' objection to the first instruction is that the jury were told that if they found from the evidence, among other things, that the defendants maintained their slaughter-house " near the residences of Noble Warrum and Rufus Scott," etc., and that the air was filled and impregnated with the smells, etc., and made offensive, etc., to the health, comfort or property of the said Noble Warrum or Rufus Scott, etc., then the State would be entitled to a conviction. The point is made by the appellants' counsel that the allegations in the affidavit and information, in regard to the location of the slaughter-house near the residences of Loehr, Warrum and Scott, and that the nuisance described was to the injury of Loehr, Warrum and Scott, were matters of description and must be proved as charged ; and that, therefore, it was error in the court to instruct the jury, as it did in the first instruction, that as to these allegations the State would be entitled to a conviction, if the evidence showed beyond a reasonable doubt the location of the slaughter-house near the residences of two of the three persons named, and that the nuisance charged was injurious, etc., to two of the three persons mentioned in the affidavit and information. If counsel are correct in their position that the allegations referred to are matters of description, then, although they were made unnecessarily, they must be proved as made, before the State could be entitled to a conviction. The evidence is not in the record, but the charge against the appellants is predicated solely upon the affidavit of Joseph Loehr, the only one of the three persons mentioned in the affidavit and information, as the individuals injured by the alleged nuisance, whose name is twice omitted from the first instruction ; that is, the State is not required in the instruction complained of to show by its evidence either that the appellants' slaughter-house was located near the residence of Joseph Loehr, the prosecuting witness, or that the alleged nuisance was injurious to the health, comfort or property of Loehr, before the defendants could be convicted. . . Is the phrase " near the residence of Joseph Loehr, Noble

Warrum and Rufus Scott," matter of description or matter of venue only? It can not be regarded as matter of venue, because the venue of the offence charged was previously alleged, in both the affidavit and information, to be " at said county of Hancock and State of Indiana." The phrase must, therefore, be regarded as matter of description, and although it was alleged unnecessarily, and was not a material averment in the affidavit and information, yet, having been alleged, it must be proved, under the decisions of this court, precisely as charged, and a variance will be fatal. *Ball* v. *State*, 26 Ind. 155; *Wertz* v. *State*, 42 Ind. 161, and authorities cited.

It was error in the court, therefore, to instruct the jury as it did, in effect, in the instruction under consideration, that the State is entitled to a conviction, even though it had not proved the matter of description above quoted, precisely as charged in the affidavit and information.

Other instructions of the court are complained of in argument by the appellants' counsel, but these need not be considered, as the motion for a new trial ought to have been sustained for the error in giving the first instruction.

The judgment is reversed, and the cause is remanded for a new trial.

Filed Nov. 7, 1883.