Lewis v. The State.

Filed Jan. 18, 1888.

——————

No. 14,119.

LEWIS v. THE STATE.

CRIMINAL LAW.— Indictment. — Description of Stolen Money. — Unnecessary Particularity.—Proof.—Under section 1750, R. S. 1881, it is only necessary, in an indictment for the larceny of money, to describe the money stolen simply as money; but if a particular description is given, it must be proved substantially as charged, or a verdict of conviction will not be sustained.

From the Marion Criminal Court.

W. F. A. Bernhamer and W. B. Walls, for appellant.

L. T. Michener, Attorney General, J. L. Mitchell, Prosecuting Attorney, and J. H. Gillett, for the State.

HOWK, J.—In this case the indictment charged " that Charles Lewis, on the 25th day of May, 1885, at and in the county of Marion and State of Indiana, did then and there unlawfully and feloniously steal, take and carry away one twenty-dollar greenback bill, of the value of twenty dollars, two ten-dollar greenback bills, each of the value of ten dollars, two five-dollar greenback bills, each of the value of five dollars, and thirteen silver coins, each of the value of one dollar, all the lawful and current money of the United States of America, the money, personal goods and chattels of Louis G. Deschler, contrary to the form of the statute," etc.

Upon defendant's arraignment on such indictment, and his plea of not guilty as therein charged, the issues thereby joined were tried by a jury, and a verdict was returned, finding him guilty as charged, and assessing his punishment at a fine of one dollar, imprisonment in the State prison for one year, and disfranchisement and incapacity to hold any office of trust or profit for one year.   Over defendant's motion for a new trial the court rendered judgment against him on the verdict.

In this court errors are assigned by defendant which call in question the overruling (1) of his motion to quash the indictment herein, and (2) of his motion for a new trial.

Appellant's counsel expressly waive the error assigned upon the refusal of the court below to quash the indictment, in their brief of this cause.   Under the error assigned by defendant upon the overruling of his motion for a new trial, his counsel earnestly contend that the verdict of the jury was not sustained by sufficient evidence.   We are of opinion that this point is well made, and must be sustained.   In section 1750, R. S. 1881, in force since September 19th, 1881, it is provided that in any indictment or information wherein it is necessary to make an averment as to any money, or bank bills, or notes, United States Treasury notes, postal and fractional currency, or other bills or notes, issued by any lawful authority and intended to pass and circulate as money, "it shall be sufficient to describe such money, bills, notes, or currency simply as money, without specifying any particular coin, note, bill, or currency; and such allegation shall be sustained by proof of any amount of coin or of any such note, bill, or currency, although the particular species of coin of which such amount was composed or the particular nature of such note, bill, or currency, be not proved."

If the indictment in this case had been framed under and in conformity with the provisions of this section of the statute, it would have seemed to us that the verdict of the jury was fairly sustained by the evidence on every material point.

The constitutionality of these provisions of our criminal code was carefully considered and sustained in *Riggs* v. *State*, 104 Ind. 261, where it was held that the accused is not denied by these provisions of section 1750, *supra*, his constitutional right "to demand the nature and cause of the accusation against him, and to have a copy thereof." Section 58, R. S. 1881.

It will be seen, however, from the indictment in the case under consideration, the substance of which we have heretofore given, that it was not framed in conformity with the provisions of section 1750, *supra*. On the contrary, it will be seen that such indictment contains a description of the money and notes which were the subject of the larceny charged therein, with all the particularity of description known to the common law form of such an indictment. The indictment is good beyond all doubt, but the difficulty lies in sustaining its descriptive averments by sufficient evidence. We may well suppose that the indictment herein was framed upon the positive testimony of the prosecuting witness before the grand jury; but on the trial of the cause, his cross-examination clearly showed that the descriptive averments of the indictment could not be and were not sustained by his evidence.

Such matters of description were of course unnecessary, under the provisions above quoted of our criminal code; but it is firmly settled by our decisions that such matters must be proved substantially as charged. *Hamilton* v. *State*, 60 Ind. 193 (28 Am. R. 653); *Morgan* v. *State*, 61 Ind. 447.

In the case first cited the court said : "The State, having alleged that the money stolen was of the money of the United States, was bound to prove the allegation as made." In the case last cited the court said: "Where an indictment for larceny contains particulars descriptive of the property stolen, though unnecessarily inserted, such particulars must be proved on the trial. *State* v. *Jackson*, 30 Maine, 29." In the case in hand, the "particulars descriptive of the property stolen,"

unnecessarily alleged, as they were in the indictment herein, were not proved on the trial, and, therefore, we must hold that the verdict was not sustained by the evidence. The doctrine that unnecessary matters of description in an indictment or information must be proved as charged, is sustained also by the following cases: *Ball* v. *State*, 26 Ind. 155; *Wertz* v. *State*, 42 Ind. 161; *Dennis* v. *State*, 91 Ind. 291.

Other errors of law occurring at the trial are complained of here by appellant's counsel, but as these errors may not occur again, and as the judgment must be reversed for reasons already given, they need not now be considered.

The judgment is reversed, and the cause remanded, with instructions to sustain defendant's motion for a new trial.

The clerk will notify the warden of the proper State prison to return defendant to the sheriff of Marion county.

Filed Jan. 18, 1888.