## Fulk *v.* The State.

[No. 2,656. Filed February 23, 1898.]

NUISANCE.—*Immaterial Averment.—Proof.—Criminal Law.*—Where an affidavit charging a public nuisance in conducting a flour mill in a populous portion of the city, alleged that defendant erected and maintained a smoke-stack of insufficient height to carry away the soot and smoke, such allegation, although unnecessary, and not a material averment of the affidavit, must be proved as charged.

From the Allen Circuit Court. *Reversed.*

*William P. Breen* and *John Morris, Jr.*, for appellant.

*W. A. Ketcham*, Attorney-General, *Merrill Moores, N. D. Doughman* and *Cash C. Hadley*, for State.

HENLEY, J.—The appellant in this cause was prosecuted, tried, and convicted upon an affidavit filed before a justice of the peace, charging him with main-

taining a public nuisance. From the judgment rendered by the justice of the peace an appeal was taken to the circuit court of Allen county, where a trial was had by jury, and a verdict of guilty returned. From this judgment appellant has appealed to this court and assigned as error, (1) that the facts stated in the affidavit do not constitute a public offense; (2) the court erred in overruling appellant's 'motion for a new trial. It appears also from the record that one Mary L. Smith was with appellant jointly prosecuted, tried, and convicted upon the affidavit charging the maintenance of a nuisance, but no judgment so far as the record shows was ever rendered against her and she has not appealed. The affidavit upon which appellant was tried and convicted is, omitting the formal parts, as follows: "Frederick Dalman being duly sworn, upon his oath says that on the first day of December, A. D. 1896, at the county of Allen and State of Indiana, Mary L. Smith and John C. Fulk did then and there, and on divers other days, both before and since said time, and up to the date of this prosecution, unlawfully erect, continue and maintain in the city of Ft. Wayne and State of Indiana, at, near, and among the dwelling houses of the divers inhabitants of the said city, a certain smoke-stack, projecting from a building used by the said Mary L. Smith and John S. Fulk, as a grist, feed, and flour mill, such stack being connected with a furnace within said building and used for the carrying away of smoke and soot, produced by the burning of coal, wood and corncobs in such furnace, the said Mary L. Smith and John C. Fulk maintaining such stack at an elevation not sufficient to carry away the soot and smoke discharged from the same, by reason whereof unwholesome smokes and gases and great quantities of soot, which issue from such stack, then and there are carried to the

ground and into the streets, to wit, yards, verandas, and residences of the inhabitants there residing, thereby rendering the air unwholesome, uncomfortable and injurious to the health and offensive to the senses, while the free use of the property of said inhabitants is thereby obstructed, and the comfortable enjoyment thereof prevented, to the great damage and common nuisance of all the inhabitants of the said city, and State there being, residing and passing through and along said street, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Indiana. [Signed] Frederick Dalman.    Subscribed and sworn to before me this 10th day of December, 1896.    Henry P. Scherer, Mayor and Ex officio.    J. P."

It is argued by counsel for appellant that it having been alleged that the nuisance was the result of the insufficient height of the smoke-stack, and this allegation constituting a part of the description of the nuisance of which complaint is made, that, whether the allegation was material or not, however, having made it, the State was bound to prove it.    The establishment of a flouring mill in a densely populated city cannot be said to be either *per se* or *prima facie* a nuisance.    In this case the prosecution of the business in the most reasonable and careful way might result in making it a nuisance, and the fact that the business was so conducted would be no defense to this action.    The affidavit charges appellant with unlawfully erecting and maintaining a smoke-stack of insufficient height to carry away the smoke, soot, etc., from the flouring mill; and whether we regard the allegation as a material factor of the nuisance itself, or as mere matter of description, it, having been alleged, must be proved as charged, and this is true even though it was alleged unnecessarily and

was not a material averment of the affidavit.    In
*Dennis* v. *State*, 91 Ind. 291, the phrase, "near the
residence of Joseph Loehr, Noble Warrum and Rufus
Scott," was used in the affidavit describing the nui-
sance.    In that case one Dennis was prosecuted for
maintaining a public nuisance in the shape of a
slaughter-house from which noisome smells, etc., were
emitted.    The court said, speaking of the phrase
above quoted:    "The phrase must, therefore, be re-
garded as matter of description, and although it was
alleged unnecessarily, and was not a material aver-
ment in the affidavit and information yet, having
been alleged, it must be proved, under the decision of
this court, precisely as charged, and a variance will
be fatal."    And in the case of *Taylor* v. *State*, 130 Ind.
66, the Supreme Court says:    "It has often been held
in this as well as in other states, that unnecessary
matters of description in an indictment, or informa-
tion, must be proved as charged."    The case of
*Mergentheim* v. *State*, 107 Ind. 567, cited by counsel for
the State is not in point.    That case held that a
technical variance between the indictment and the
proof adduced at the trial, as to an unnecessary aver-
ment in the indictment, will not justify the court in
reversing a case; and in the case of *Taylor* v. *State*,
*supra*, the case of *Mergentheim* v. *State*, *supra*, is cited
with approval upon this point.    In the case at bar
there was no variance.    There could be none because
there was no evidence introduced upon the subject by
the State.    If it was necessary for the State to prove
the averment of the affidavit above referred to, then
there was an entire failure of proof upon that point.
Under the decisions we believe the State was com-
pelled in order to obtain a conviction in this case, so
to prove.    The judgment is reversed, with instructions
to the lower court to grant a new trial.