## MCCALLISTER v. STATE OF INDIANA

[No. 27,309.  Filed April 8, 1940.]

*Ralph Brill* and *Jeffries, Jeffries & Johnson,* all of Terre Haute, (*Frank Hamilton,* of Terre Haute, of counsel), for appellant.

*Omer S. Jackson,* Attorney General; and *Rexell A. Boyd,* Deputy Attorney General, for the State.

FANSLER, J.—The appellant was convicted of buying stolen goods. Error is assigned upon the overruling of appellant's motion for a new trial.

It is charged in the affidavit that at the county of Vigo the appellant bought certain specified articles of merchandise belonging to J. Edward Holler, knowing that the property had been stolen in said county. It is conceded that it was not necessary that the affidavit state the place at which the goods were stolen, but it is contended that, since the allegation is made, it is part of the description of the goods and must be proven as alleged. The evidence shows that the goods were

stolen from the Holler store in Clay County. It is contended that there is therefore a fatal variance between the charge and the proof. The appellant relies principally upon *Semon* v. *State* (1902), 158 Ind. 55, 62 N. E. 625, and *Dennis et al.* v. *State* (1883), 91 Ind. 291, 294, 295, to support his contention. From the first case referred to the appellant quotes, not the conclusion of the court, but the contention of the appellant that, while it is unnecessary to allege the name of the thief in an affidavit for receiving stolen goods, or that his name is unknown, yet if it is alleged that it is unknown, it must be proved that it was unknown. The court decided against the contention, and that the allegation that the name of the thief was unknown is wholly immaterial and surplusage. The Dennis case was a prosecution for maintaining a public nuisance. The affidavit charged the crime to have been committed in Hancock County, and that the defendants operated a slaughterhouse near the dwellings of three named persons. The evidence showed that it was near the residence of two of the persons, but there was no proof that it was near the residence of the third. The court said: "Is the phrase 'near the residence of Joseph Loehr, Noble Warrum and Rufus Scott,' matter of description or matter of venue only? It can not be regarded as matter of venue, because the venue of the offence charged was previously alleged, in both the affidavit and information, to be 'at said county of Hancock and State of Indiana.' The phrase must, therefore, be regarded as matter of description, and although it was alleged unnecessarily, and was not a material averment in the affidavit, and information, yet, having been alleged, it must be proved, under the decisions of this court, precisely as charged, and a variance will be fatal. *Ball* v. *State,* 26 Ind. 155;

*Wertz* v. *State,* 42 Ind. 161, and authorities cited." It is conceded that if the affidavit had not named the particular person in question it would have been good, and the proof would have been sufficient. The Wertz case was a prosecution for maintaining a soap factory, which was a nuisance, upon a particular tract of land described in the affidavit. It was held that the allegation describing the tract upon which the nuisance was erected and maintained was unnecessary, but that, since it was alleged, it must be proved as alleged. The Ball case, which was cited as authority in the Wertz case, was a prosecution for forcible entry and detainer. It was held that a variance between the charge and the proof in the description of the premises charged to have been entered and detained was fatal, but it was not held that the description of the premises was unnecessarily alleged, and therefore the case does not support the rule announced in the cases in which it was cited. It has always been recognized that where, in an affidavit for larceny, the property charged to have been stolen is particularly described, a material variance in the proof will be fatal. Thus where it is charged that the defendant stole a white horse, proof that a black horse was stolen will not suffice. The defendant is entitled to be informed of the particular charge against him. He might in his defense bring witnesses to show that he had never had a white horse, whereas he may have had black horses in his possession, and the witnesses would be useless to his defense. And where one is charged with maintaining a soap factory, which is a nuisance, upon a particular tract of land, he might prepare to defend himself by showing that he was not in possession of the land, or that he had never manufactured soap upon those premises, and his defense would be made ineffective by permitting

proof that he maintained a soap factory at some other or different place within the county. In *Carter* v. *State* (1851), 2 Ind. 617, 618, a murder case, it is said: "The indictment did not name the particular poison administered. Had it, it would not have been necessary that the proof should correspond. 3 Chit. Cr. L. 734." At the page cited, Chitty says, concerning the description of the offense charged: "An allegation of one kind of death will not be supported by evidence of another essentially different, so that if it be alleged that the murder was committed by stabbing, and it be shown to have been by drowning or poisoning, the prisoner must be acquitted. . . . But if the act of the prisoner and the means of death proved, agree in substance with those which are alleged, the nature of the violence and the kind of death occasioned by it being the same, a mere variance as to the name or kind of instrument used, will not be material. . . . An indictment for assaulting with a staff, is supported by evidence that the violence was offered by a stone. . . . And an indictment for murder, occasioned by one description of poison, will be supported in evidence by proof of murder by a poison of another description. . . . And in an indictment for murder, by throwing stones at deceased, it is not necessary to state the number of stones thrown. . . . It is usual, where the death was occasioned by a blow from some instrument, to state that the defendant held it in his right or left hand, or in both his hands; and this is said to be essential, 2 Hale, 185, though Mr. East says, he finds no ground for this particularity, 1 East P. C. 341. In a late case against several defendants for murder with stones, an allegation that the stones were 'held by the defendants in their right hands,' was good, at all events, after conviction, 13 Price, 172."

In *Mergentheim* v. *State* (1886), 107 Ind. 567, 574, 8 N. E. 568, 571, it is said: "But the variance, if such it be, had reference only to a matter of unnecessary description; and for a mere failure to prove with technical exactness an averment which was not necessary nor of the essence of the offence charged, we would not, under the rules governing appeals in criminal cases, be authorized to reverse." In *Kruger* v. *State* (1893), 135 Ind. 573, 577, 578, 35 N. E. 1019, 1021, it is said: "An approved modern author thus states the rule: 'A variance is not now regarded as material, unless it is such as might mislead the defense, or might expose the accused of the danger of being put twice in jeopardy for the same offence.' 3 Rice Crim. Ev., section 121. It is very clear that the variance could not have misled the defense, and it is equally clear that this conviction will forever remain a complete bar to another prosecution against appellant for burning the same building. That being so, it would be a reproach to the law if he could obtain a reversal of a just conviction, on account of matter that in no way harmed or injured him." In *Oats* v. *State* (1899), 153 Ind. 436, 439, 55 N. E. 226, 227, it is said: ". . . . a variance, to warrant a reversal of a judgment on appeal to this court, must be a substantial one, such as might mislead the defense, or expose the defendant to the peril of being put twice in jeopardy for the same offense." In *Kirts* v. *State* (1926), 198 Ind. 39, 42, 151 N. E. 132, 133, 152 N. E. 1, the affidavit charged the defendant with unlawfully transporting in his automobile more than one gallon of intoxicating liquor. The appellant insisted that the quantity of liquor mentioned was a matter of description and must be proved precisely as charged, and cited *Dennis* v. *State, supra,* and three other cases, which were not in point, since

they do not involve unnecessary descriptive matter, to support his contention. The court said: " . . . conceding that the cases cited affirm the doctrine that matters of description in criminal pleadings, although unnecessarily alleged, must be proved as declared, still, in the instant case, the gravamen of the offense charged was the unlawful transportation of intoxicating liquor in an automobile. In our opinion, the quantity of liquor transported is not descriptive of the liquor or of the method of transporting it. . . . In our view of this case, the words 'more than a gallon' found in the affidavit were surplusage, and if so, the state was not required to prove them." It is clear that the concession that the cases cited supported the rule was merely for the purposes of the case, and that the court expressly refrained from confirming the contention. It is equally clear that, contrary to the statement of the court, the amount of liquor, that is, more than one gallon, was in fact descriptive of the liquor, but it is equally evident that the amount was not of the essence of the offense. It is well settled that, where time is not of the essence of an offense, the date upon which a crime is alleged to have been committed need not be proven with exactness, but that proof that it was committed at any time previous to the time charged, and within the statute of limitations, is sufficient.

The decisions indicate a tendency to tolerate a greater variance between allegations and proof where the allegations are not necessary. But, from what we have seen from Chitty, it appears that the early cases, like the later ones just cited, looked to the materiality of the variance. It is true that in the Dennis case, and in other early Indiana cases, it is said that unnecessary descriptive allegations must be proven precisely as charged. In some of these cases

the variance may have been material, but the court seems to have considered that the variance would be fatal regardless of materiality. The conclusion cannot be approved, since it is not supported by precedent or sound reason and has not been countenanced in the modern cases.

In the instant case the defendant was charged with buying merchandise which he knew was stolen. The venue was laid generally in Vigo County. The state's witnesses testified that he agreed to buy such merchandise as they might bring to him. There was evidence that, besides the merchandise described in the charge, other stolen merchandise from divers places was brought and sold to him at or near his place of business. His defense was that he had never bought anything from the witnesses who testified against him, and that he had never knowingly bought any stolen property from any one. It is inconceivable that it would have made any difference to the defense, or the opportunity to prepare it, whether the property was stolen in Vigo County or in some other county, and the appellant does not suggest or point out that he was in any way prejudiced by the variance. Under such circumstances the variance must be considered immaterial.

The only other question involves the alleged misconduct of a juror in failing to disclose pertinent facts upon his voire dire examination, and his conduct in the jury room. The acts constituting the alleged misconduct are set out in the motion for a new trial, and there were affidavits concerning these facts filed with the motion for a new trial. The appellant's bill of exceptions No. 3, which the Judge certifies as containing all of the facts upon the hearing on the motion for a new trial, contains nothing but the

testimony of a deputy sheriff called by the state. This testimony does not support the appellant's contention. The affidavits supporting the motion for a new trial are not brought into the record by a bill of exceptions. It has been repeatedly decided, and is well settled, that affidavits supporting a motion for a new trial can only be brought into the record by a bill of exceptions, and that the motion for a new trial, though itself a part of the record, "does not constitute evidence of the truth of the alleged causes for the motion, and this is so, even though the motion be sworn to or accompanied by affidavit in support of it." *Schieber* v. *State* (1936), 209 Ind. 623, 626, 198 N. E. 315, 316; *Anderson* v. *State* (1933), 205 Ind. 607, 186 N. E. 316; *Headlee* v. *State* (1930), 201 Ind. 545, 168 N. E. 692, 170 N. E. 433; *Alyea* v. *State* (1926), 198 Ind. 364, 152 N. E. 801, 153 N. E. 775, and cases cited. The statute, § 9-2105, Burns' 1933, § 2317, Baldwin's 1934, "that every pleading, motion in writing, report, deposition or other paper, filed or offered to be filed, in any cause or proceeding, . . . shall be a part of the record," has no application to evidentiary matters. In *Adams* v. *State* (1913), 179 Ind. 44, 46, 99 N. E. 483, 484, and *Snoddy* v. *State* (1913), 179 Ind. 701, 99 N. E. 484, it was held that a verified motion for a continuance, "properly a part of the record without a bill of exceptions," cannot be omitted from the record proper and brought in as a part of the bill of exceptions so as to present any question upon the overruling of the motion. But it is not held that if the motion had been made a part of the record proper, the affidavit supporting it would have been considered as evidence without being incorporated in a bill of exceptions. In *Flatter* v. *State* (1914), 182 Ind. 514, 107 N. E. 9, it is held that a verified motion for a change of judge is not properly

brought into the record by a bill of exceptions. Such a motion is a pleading and a part of the record proper and must be brought in as such, and in such case no question of evidence is involved, since the verified motion, conforming to the statutory requirement, entitles the defendant to the change as of right. The office of a bill of exceptions is not only to show that certain evidence was introduced, but to show upon the certificate of the judge that it was all of the evidence considered upon the subject. As above indicated, the certificate here shows that the oral testimony of the deputy sheriff called by the state was all of the evidence heard and considered upon the motion for a new trial, and this conclusively indicates that the trial judge did not consider that the affidavits filed with the motion for a new trial had been presented in evidence. We must conclude that no question is presented, but if the question were presented, it appears that the appellant's principal contention of misconduct is based upon the ground that the juror in question was a deputy sheriff and did not disclose the fact upon his voir dire examination. The testimony of the chief deputy sheriff called by the state was sufficient to cause a conflict upon the question of whether or not the juror was in fact a deputy sheriff at the time of his examination, and this court could not in any event disturb the finding of the court below based upon conflicting evidence.

Judgment affirmed.

Note.—Reported in 26 N. E. (2d) 391, 128 A. L. R. 635.