### SPECHT v. STATE OF INDIANA.

[No. 29,753. Filed January 20, 1960.]

*Norbert L. Wyss* and *Dan C. Flanagan*, both of Fort Wayne, for appellant.

*Edwin K. Steers*, Attorney General, and *Owen S. Boling*, Assistant Attorney General, for appellee.

LANDIS, J.—Appellant was charged with attempt to procure miscarriage. Upon his plea of not guilty, a jury trial was had resulting in his conviction. He appeals from the judgment fining him in the sum of $500.00 and sentencing him 3-14 years.

Appellant's motion for new trial asserted the verdict was contrary to law and not sustained by sufficient evi-

dence and the overruling of it is the only error assigned here on appeal.

Appellant contends there was a failure of proof of an essential element of the affidavit and that the variance between the pleading and proof was not immaterial.

The affidavit in substance charged:

". . . That on or about the 21st day of April A.D., 1958, at . . . , said Defendant, Arthur Specht did then and there unlawfully, feloniously and willfully *employ and use in and upon the body and womb of Sharon Pember, a pregnant woman,* as the said Arthur Specht then and there well knew, *a certain instrument,* to Sharon Pember unknown, *with intent* then and there and thereby *to procure and cause the miscarriage* of the said Sharon Pember, it not being necessary to cause said miscarriage to preserve the life of said Sharon Pember *in consequences of which said Sharon Pember then and there miscarried* on April 25, 1958, being contrary. . . ." (Emphasis added.)

The evidence favorable to appellee shows that Sharon Pember Humphries went to the place where the abortion was to be performed, that appellant came into the room and inserted an instrument into her vagina, that she could feel the metallic substance inside the vagina, and that was the only feeling she had. The only portion of the instrument which she saw was the U-shaped handle thereof, that it looked like aluminum but was tarnished a little bit. Appellant said he used the instrument to block her, so he could get his fingers up in the vagina to perform the operation, that he didn't use instruments to cut or tear.

Appellant contends it is common knowledge that the fetus is carried in the womb, and that to cause miscarriage by instrument, the instrument must enter the womb; that there was a complete lack of evidence on

the essential element of attempting to procure a miscarriage with the use of an instrument.

Was it necessary for the evidence to show the instrument entered the womb in order for appellant to be convicted of attempting to procure miscarriage by instrument, as contended by appellant?

The statute provides:

> "Whoever prescribes or administers to any pregnant woman, . . . any drug, medicine or substance whatever, with intent . . . to procure the miscarriage of such woman, *or, with like intent, uses or suggests, directs or advises the use of any instrument or means whatever,* unless such miscarriage is necessary to preserve her life, shall, on conviction, if the woman miscarries, . . . be fined . . . and be imprisoned. . . ."[1]  (Emphasis added.)

The statute plainly does not require the degree of particularity as set forth in the affidavit or as contended by appellant. The statute defining the offense is applicable to anyone who with intent to procure the miscarriage of a pregnant woman ". . . uses or . . . directs . . . the use of any instrument . . . unless . . . necessary to preserve . . . life, . . ." and the woman miscarries as a result thereof.

We must therefore conclude that the allegations of the affidavit referring to using the instrument upon the womb of Sharon Pember were surplusage and that the evidence to the effect that the instrument was employed upon her body, to-wit: that it was inserted in her vagina with intent to procure her miscarriage, that she felt the metallic substance in her vagina, that she then had a cramp, and shortly after he removed the instrument she had a heavy discharge of blood and miscarried in about two

---

1. Burns' §10-105 (1956 Replacement), being Acts 1905, ch. 169, §367, p. 584.

days, was sufficient with all necessary inferences, to support the material allegations of the affidavit and warrant a conviction under the statute.[2]

This case is therefore not within the rule of law cited by appellant that this Court will reverse a judgment of conviction where there is a total lack of evidence upon a material issue, but on the contrary the evidence favorable to appellee and all reasonable inferences were sufficient to sustain the verdict of the jury.

It is further our view that there was no material variance between the allegations of the affidavit and the proof so as to mislead the accused in making his defense or to place him in danger of double jeopardy so that he could be tried a second time for the same acts. The record does not disclose that any question as to variance in the evidence was objected to by appellant at the trial below, nor was an adverse ruling of the court below, relative to such matter assigned as a cause for new trial in the motion for new trial. See: *Madison* v. *State* (1955), 234 Ind. 517, 547-553, 130 N. E. 2d 35, 48-51; *Utley* v. *State* (1950), 228 Ind. 210, 215, 91 N. E. 2d 355, 357; *Mates* v. *State* (1929), 200 Ind. 551, 557, 165 N. E. 316, 317, 65 A. L. R. 980.

Finding no error, the judgment is affirmed.

---

2. See: *McCallister* v. *State* (1940), 217 Ind. 65, 71, 26 N. E. 2d 391, 393, where Fansler, J., speaking for this Court said: "The decisions indicate a tendency to tolerate a greater variance between allegations and proof where the allegations are not necessary. But, from what we have seen from Chitty, it appears that the early cases, like the later ones just cited, looked to the materiality of the variance. It is true that in the Dennis case, Dennis et al. v. State (1883), 91 Ind. 291, and in other early Indiana cases, it is said that unnecessary descriptive allegations must be proven precisely as charged. In some of these cases the variance may have been material, but the court seems to have considered that the variance would be fatal regardless of materiality. The conclusion cannot be approved, since it is not supported by precedent or sound reason and has not been countenanced in the modern cases."

Arterburn, C. J., and Jackson and Bobbitt, JJ., concur.

Achor, J., not participating because of illness.

NOTE.—Reported in 163 N. E. 2d 581.