**Derrick HARRISON, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 1085S439.**

Supreme Court of Indiana.

May 11, 1987.

John M. McGrath, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant for Burglary, a Class C felony, for which he received a five (5) year sentence, which was enhanced by thirty (30) years by reason of a finding that appellant was an habitual offender.

The facts are: On November 10, 1984, at approximately 1:30 a.m., the New Mount Olive Baptist Church, located at 427 W. 23rd Avenue, Gary, Indiana, was burglarized and a number of items belonging to the church were removed. The charging information alleges the burglary occurred at the New Mount Olive Baptist Church in Lake County. It also alleges that the ownership of the church was in the Southern Baptist Mission Board and that the ownership of the items taken was also in the Southern Baptist Mission Board. The Reverend Darcell McCoy, pastor of the church, testified that the ownership of the church was in the congregation and that the sole interest of the Southern Baptist Mission Board was a mortgage which they held on the church.

The sole assignment of error is that there was a fatal variance between the information and the proof, in that the mere holding of a mortgage by the Southern Baptist Mission Board did not qualify either as ownership or a possessory interest in the building or the goods taken. Appellant cites *Reed v. State* (1982), Ind., 438 N.E.2d 704 for the proposition that in a burglary case the necessary allegation of ownership is satisfied if the person named is either the owner of the premises, the primary tenant of the dwelling or other person in lawful possession of the premises. We agree with appellant that the allegation of ownership in the information and

the proof established by the evidence was at variance; however, under the circumstances of this case, we do not perceive it to be a fatal variance.

The allegation clearly stated that the burglary occurred at the New Mount Olive Baptist Church. The fact that ownership was alleged to be in the mortgage holder could have in no way misled appellant or caused any hardship in his defense of the allegation. Neither do we perceive that appellant would have been subject to the hazards of double jeopardy, in that the specific building and date of the alleged occurrence were set out in the charging information. There could be no confusion in this or any subsequent prosecution as to the time and place of the alleged burglary.

In *Madison v. State* (1955), 234 Ind. 517, 130 N.E.2d 35, Chief Justice Emmert, in writing what purports to be the majority opinion, gives a very scholarly and lengthy dissertation on variance in which he takes the view that all necessary allegations in an indictment or information should be strictly construed, that any variance between the pleading and the proof should be considered fatal and that a new trial should be ordered. However, the majority of the Court did not concur with Chief Justice Emmert as to that particular phase of the case.

The remaining members of the Court concurred with Justice Arterburn in what is designated as a concurring opinion in which they actually dissent from Chief Justice Emmert's strict construction of a variance. In an equally long and learned dissertation, Justice Arterburn sets out what we believe to be the better rule. After thoroughly discussing the subject with numerous authorities to support his position, Justice Arterburn states:

"In other words, the test is, (1) was the defendant misled by the variance in the evidence from allegations and specifications in the charge in the preparation and maintenance of his defense, and was he harmed or prejudiced thereby?; (2) will the defendant be protected in the future criminal proceeding covering the same event, facts, and evidence against double jeopardy?" (citations omitted). *Id.* at 545, 130 N.E.2d at 48.

In the case at bar, appellant did not object to the evidence of ownership at the time it was submitted nor did he make mention of a variance in his motion for directed verdict or in his motion to correct error. This issue is raised for the first time in this Court. In the *Madison* case, Justice Arterburn went on to say:

"We do not wish to be understood as saying that under no circumstance would the variances above designated as immaterial be considered material or fatal. It is conceivable that in some circumstances and situations such variances might, under proper objection at the proper time in the trial court, with a showing that the defendant had been misled in the preparation of his defense or case, become material. This might be true where the factual issues in the case on trial so developed that the extent of the explosion or other matters affecting its character went to the merits of the defense. In such a case, however, it is the duty of the defendant to make timely and proper objection when such variances occur in the trial with the suggestion and showing that he is thereby prejudiced and is being injured and harmed in the defense of his case, and has been misled in the preparation of same." *Id.* at 552, 130 N.E.2d at 51.

There is a total lack of any demonstration of harm in the case at bar. We therefore hold that although a variance did in fact occur it did not rise to the status of a fatal variance.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.