Anthony McCULLOUGH,
Appellant–Petitioner,

v.

STATE of Indiana, Appellee–Respondent.

No. 49A02–9509–PC–538.

Court of Appeals of Indiana.

Oct. 25, 1996.

Transfer Denied Jan. 8, 1997.

Hilary Bowe Oakes, Indianapolis, for appellant–petitioner.

Pamela Carter, Attorney General, Carol A. Nemeth, Deputy Attorney General, Indianapolis, for appellee–respondent.

## OPINION

KIRSCH, Judge.

Anthony McCullough appeals the denial of post-conviction relief for his conviction of theft,[1] a Class D felony. He presents four issues:

I. Whether the trial court's judgment was defective for lack of a finding on intent;

II. Whether there was a material variance between the Information and the evidence;

III. Whether counsel at trial was ineffective; and

IV. Whether counsel on direct appeal was ineffective.

We affirm.

---

1. *See* IC 35–43–4–2.

## FACTS AND PROCEDURAL HISTORY

McCullough was a car dealer; he bought used cars and resold them at a profit. One of McCullough's acquaintances, Neil Burpee, invested in one of the cars by providing the purchase money in exchange for an agreement to share in the resale profits. Burpee retained the car's title. McCullough resold the car and deposited the proceeds into a bank account which was overdrawn. The bank then applied the proceeds to the deficit. McCullough told Burpee that he did not have the proceeds because the buyer was having trouble obtaining financing.

Burpee learned that the buyer had fully paid for the car and demanded payment from McCullough. McCullough made partial payment to Burpee and gave Burpee a lien on another car as collateral for the remainder of the debt. The collateral car was subsequently repossessed from Burpee. After learning of the situation, the State filed a three-count information against McCullough—two counts of theft and one count of auto theft, alleging unauthorized control over Burpee's share of the proceeds and unauthorized control over the collateral car.

McCullough waived his jury trial right and proceeded on the theory that his conduct was merely slow payment on a debt, not criminal theft. The trial court dismissed the auto theft charge and one of the theft charges, but found McCullough guilty on the other theft charge. McCullough filed a direct appeal claiming the evidence was insufficient to support his conviction. This court affirmed McCullough's conviction in a memorandum decision. *McCullough v. State*, 600 N.E.2d 993 (Ind.Ct.App.1992). McCullough then sought post-conviction relief, which the post-conviction court denied.

## DISCUSSION AND DECISION

### I. Defective Judgment

 To obtain post-conviction relief, McCullough must establish his claims by a preponderance of the evidence. *Weatherford v. State*, 619 N.E.2d 915, 917 (Ind.1993). Having failed to convince the post-conviction court of the merits of his claims, McCullough

must now demonstrate that the evidence leads unmistakably to reversal. *Butler v. State*, 658 N.E.2d 72, 75 (Ind.1995). We consider only the evidence that supports the post-conviction court's decision along with any reasonable inferences from the evidence. *Wickliffe v. State*, 523 N.E.2d 1385, 1386 (Ind.1988).

 McCullough argues that the trial court's judgment was defective for failure to include a finding that he had the intent to deprive Burpee of the resale proceeds. Accordingly, he claims his conviction should be reduced to conversion.[2] The State rejects McCullough's arguments, contending that the trial court's judgment necessarily included findings on each element of theft.

Both sides cite *Meyers v. State*, 547 N.E.2d 265 (Ind.1989), *cert. denied*, 495 U.S. 921, 110 S.Ct. 1954, 109 L.Ed.2d 316 (1990). The State cites *Meyers* to establish that a trial court is not required to make specific fact findings in a criminal matter. McCullough relies on *Meyers* for the proposition that if a trial court undertakes to make specific findings, it must state sufficient findings to support its decision. Both sides are correct. In *Meyers*, the trial court granted the defendant's motion for findings and undertook to make the necessary findings. Here, there was no such motion. Rather, the trial court issued its judgment from the bench, explaining that the State had proven the elements of theft beyond a reasonable doubt. The court's statement is not tantamount to granting a motion for specific findings, nor does it constitute such findings. The judgment is not defective for lack of a specific finding on intent.

### II. Variance between Information and Evidence

 McCullough contends his conviction is invalid due to a variance between the charging Information and the evidence at trial. In the Information the State alleged that McCullough exerted unauthorized control over "United States currency"; at trial the State's evidence demonstrated his control over a check, rather than "currency."

2. *See* IC 35–43–4–3.

McCullough claims that the difference between the Information and the evidence constitutes a material variance. The State responds that the variance, if any, is immaterial.

■■■ When a defendant claims there is a variance between the information and the evidence, we must determine whether the variance is material. A material variance requires reversal of a conviction, because such a variance misleads the defendant in the preparation of the defense and presents the risk of double jeopardy. *See Wilson v. State,* 164 Ind.App. 665, 670–71, 330 N.E.2d 356, 360 (1975). McCullough asserts that the variance is material in his case, relying in part on *United States v. Hardy,* 762 F.Supp. 1403 (D.Haw.1991). In *Hardy,* the defendant faced federal money laundering charges, which included an allegation that the defendant improperly structured currency transactions to avoid federal reporting requirements. The court found one of the money laundering counts infirm because the allegations referred only to checks, not currency. 762 F.Supp. at 1411–13. Here, however, the federal reporting requirements and accompanying regulations are not at issue. As such, the *Hardy* court's determination that currency is materially different than checks for federal money laundering charges does not affect McCullough's theft conviction.

McCullough also relies on *McCallister v. State,* 217 Ind. 65, 26 N.E.2d 391 (1940) and *Madison v. State,* 234 Ind. 517, 130 N.E.2d 35 (1955). Neither *McCallister* nor *Madison* support McCullough's request for reversal. In *Madison,* then-Chief Justice Emmert expressed his belief that a variance—any variance—between the pleadings and the proof required reversal. Although Justice Emmert's opinion would support McCullough's variance argument, his was not the majority view on the variance issue. Our supreme court recently explained the *Madison* decision:

"The remaining members of the Court . . . actually dissent from Chief Justice Em-

mert's strict construction of a variance. . . . Justice Arterburn sets out what we believe to be the better rule . . . 'the test is, (1) was the defendant misled by the variance in the evidence from allegations and specifications in the charge in the preparation and maintenance of his defense, and was he harmed or prejudiced thereby?; (2) will the defendant be protected in the future criminal proceeding covering the same event, facts, and evidence against double jeopardy?' "

*Harrison v. State,* 507 N.E.2d 565 at 566 (Ind.1987), quoting *Madison v. State,* 234 Ind. at 545, 130 N.E.2d at 48 (Arterburn, J., concurring).

McCullough's other cited case, *McCallister,* confirms that the Justice Emmert's rigid application of variance rules was not the accepted practice even when *Madison* was decided. *McCallister* was issued prior to *Madison* and explains that the critical inquiry regarding variance is materiality. *McCallister,* 217 Ind. at 71, 26 N.E.2d at 393. Noting that criminal pleadings often include superfluous allegations, the *McCallister* court rejected early Indiana decisions that required such allegations to be proven precisely as charged. *Id.* The court explained that the early cases were not supported by sound reasoning and had not been approved in "modern cases." *Id.*

More recently, in *Wilson v. State,* 164 Ind. App. 665, 330 N.E.2d 356 (1975), this court recognized that "the traditional rigor in reviewing the specificity and certainty of criminal pleading has been somewhat relaxed" and that Indiana law "now permits variances in the pleading of descriptive averments which are not material—in the sense of misleading the defendant—or essential to the offense charged." 164 Ind.App. at 671, 330 N.E.2d at 360. The *Wilson* court reversed the defendant's conviction, because the State had charged the defendant with taking money from a gas station, while the evidence showed the defendant took only gasoline. 164 Ind.App. at 672, 330 N.E.2d at 361.[3]

---

**3.** In *Wilson,* the court cited *Kirk v. State,* 250 Ind. 307, 235 N.E.2d 684 (Ind.1968) and two older cases for the proposition that "a 'check' is not 'money.' " 164 Ind.App. at 672, 330 N.E.2d at

361. We distinguish McCullough's case from those earlier cases based on the more recent view that a variance does not require reversal if there is no harm to the defendant.

In *Wilson*, the risk of prejudice to the defendant was clear, because the allegations gave the defendant no notice that the evidence centered on stealing gasoline. In contrast, here the Information fully informed McCullough of the charge that he took Burpee's money unlawfully. Although the Information described Burpee's money as "United States currency" rather than a check, the distinction did not mislead McCullough. He knew, throughout the proceedings, that he was charged with intentionally depriving Burpee of the resale proceeds. He has not claimed his defense would have been different if the Information had stated that he deprived Burpee of a check rather than currency. Further, McCullough does not claim he is at risk of double jeopardy. Accordingly, the variance between the Information and the evidence was immaterial. *See Harrison v. State*, 507 N.E.2d at 566 (affirming conviction and stating "there is a total lack of any demonstration of harm" with regard to the variance).

### III. Ineffective Assistance of Trial Counsel

■ McCullough contends his trial counsel was ineffective for failure to obtain bank records to prove McCullough deposited the sale proceeds into a business account. In support of this contention, McCullough notes that on direct appeal this court based its decision in part on its belief that McCullough deposited the sales proceeds into his personal account. McCullough speculates that this court would have reversed the conviction if trial counsel had submitted records to prove the sales proceeds were in a business account, rather than a personal account.

The State points out that this court's affirmance relied on several facts, not solely the mistaken belief that McCullough had deposited the proceeds into his personal account. This court determined that the evidence was sufficient to support the conviction because McCullough had lied to Burpee concerning the availability of the proceeds and because McCullough persisted in this deception until Burpee independently learned the truth. As such, the State argues, the lack of bank records did not prejudice McCullough.

■ To prevail on his claim of ineffective assistance of trial counsel, McCullough must prove (1) his trial counsel's performance was deficient and (2) the deficient performance prejudiced the trial outcome. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Butler v. State*, 658 N.E.2d 72, 78 (Ind.1995). Here, the lack of bank records does not render trial counsel's performance deficient. At trial, neither party presented evidence concerning the nature of the account into which McCullough deposited the proceeds. McCullough testified that he "put the money in the bank" and that the bank had applied the money to deficits because "I was overdrawn on my account." *Record* at 232. The testimony did not indicate whether the account was for personal or business purposes and the difference, if any, did not impact the case. As the post-conviction court found, the bank records and accompanying proof of accounts were not a significant issue at trial.

McCullough argues the deposit into the business account creates an inference of his intent to transfer the proceeds to Burpee. This inference, however, could be equally drawn from a deposit into McCullough's personal account. McCullough could have transferred funds to Burpee from his personal account as easily as from his business account. It is not the location of the proceeds that supports McCullough's conviction, it is the failure to transfer those proceeds to Burpee. Accordingly, McCullough's trial counsel was not deficient in failing to obtain bank records.[4]

---

4. At the original post-conviction hearing, McCullough alleged that his trial counsel was ineffective for failing to obtain a dismissal of the charges. McCullough claimed the State had informally agreed to dismiss the charges if McCullough made a restitution payment by a certain date. McCullough stated he gave the restitution money to his trial counsel. According to McCullough, trial counsel learned the charges would not be dismissed but nonetheless retained the restitution money. *Record* at 169–70, 233. McCullough further claimed at the postconviction hearing that trial counsel should have raised the possibility of alternative misdemeanor sentencing, pursuant to IC 35–50–2–7. McCullough does not pursue these arguments here.

## IV. Ineffective Assistance of Appellate Counsel

McCullough claims his appellate counsel was ineffective in five ways. First, he claims counsel should have assigned error for lack of a finding on intent, as discussed in Part I above. Second, he contends his appellate counsel was ineffective for failing to raise the variance between the Information and the evidence concerning the term "currency," as discussed in Part II above. Third, he claims appellate counsel should have challenged the effectiveness of trial counsel due to the failure to obtain bank records, as discussed in Part III above. Fourth, he argues appellate counsel should have pointed out that McCullough did not mislead Burpee as to the sale amount, because the difference between the figure McCullough quoted to Burpee and the figure actually received was attributable to sales tax. Last, McCullough claims appellate counsel should have pointed out that the State filed charges only after the second collateral car was repossessed. Based on these contentions, McCullough argues his conviction must either be vacated or reduced to conversion.[5]

■ The standard for effectiveness of appellate counsel is the same as the standard applicable to trial counsel. *Lowery v. State,* 640 N.E.2d 1031, 1041 (Ind.1994), *cert. denied,* — U.S. ——, 116 S.Ct. 525, 133 L.Ed.2d 432 (1995). As the State correctly points out, McCullough's first three arguments are based on issues previously addressed in this decision. Having found against McCullough on those issues, we conclude that there was no deficiency in appellate counsel's work with regard to those issues.

As to the McCullough's fourth and fifth arguments, both are directed to the credibility of witnesses and the weight of the evidence. We neither reweigh the evidence nor reassess the trial court's credibility determinations. Accordingly, appellate counsel's decision against pursuing those evidentiary arguments was not deficient. We affirm the post-conviction court's denial of McCullough's petition.

Affirmed.

FRIEDLANDER and RUCKER, JJ., concur.

---

5. At the post-conviction hearing, McCullough presented other concerns regarding appellate counsel's work. McCullough does not pursue those concerns here.