**Kenneth L. WHATLEY, Defendant–Appellant,**

v.

**STATE of Indiana, Plaintiff–Appellee.**

No. 49S00–9608–CR–543.

Supreme Court of Indiana.

Sept. 5, 1997.

Kurt A. Young, Nashville, Indiana, for Defendant–Appellant.

Pamela Carter, Attorney General, Rafal Ofierski, Deputy Attorney General, Indianapolis, for Plaintiff–Appellee.

DICKSON, Justice.

Following a jury trial, the defendant, Kenneth Whatley, was convicted of murder,[1] dealing in a sawed-off shotgun,[2] and carrying a handgun without a license.[3] The trial court merged the murder and sawed-off shotgun charges and imposed concurrent sentences, sixty years for the murder and two years[4] for the handgun charge. In this direct appeal, the defendant presents four claims: (1) he entered into a de facto guilty plea without an advisement of his rights; (2) the trial court gave an erroneous instruction on circumstantial evidence; (3) the trial court abused its discretion in refusing to excuse a juror; and (4) the trial court improperly modified his sentence. We affirm in part and remand in part.

■ After closing arguments, while the jury deliberated, the defendant's attorney entered into a stipulation with the prosecutor that the defendant had a previous conviction for carrying a handgun without a license. The offense of carrying a handgun without a license is usually punishable as a class A misdemeanor, but, it is a class C felony in the event of certain prior handgun convictions. IND.CODE § 35–47–2–23(c) (Supp.1995). Here, the defendant's prior conviction could have been used to enhance the handgun charge in the present case from a class A misdemeanor to a class C felony. He now asserts that the trial court erred in accepting the stipulation establishing his prior conviction without separately advising the defendant as to various procedural rights which would be waived by pleading guilty, as provided under the federal constitution and state procedural law. See Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); IND.CODE § 35–35–1–2(a) (1993).

The defendant presents no supporting authority wherein a factual stipulation has been construed to constitute a guilty plea. A plea of guilty is a discrete judicial event that not only admits factual matters but also embodies significant procedural consequences. This stipulation, which sought only to establish certain facts, did not constitute a guilty plea. The trial court did not err by failing to read him any advisement of rights under either Boykin or our statute.

■ Next the defendant claims that the trial court erroneously instructed the jury by failing to give a complete instruction on the use of circumstantial evidence. The defendant argues that the trial court should have included language in its instruction to the jury that, when proof of an element of the crime is only by circumstantial evidence, the evidence must so unerringly and conclusively point to the guilt of the defendant as to exclude every reasonable theory of innocence. However, by failing to tender an instruction on the subject or to object to the instruction given, the defendant waived the issue for appeal. Sanchez v. State, 675 N.E.2d 306, 308 (Ind.1996). The defendant seeks to avoid waiver by claiming that the failure to give this instruction was fundamen-

1. IND.CODE § 35–42–1–1 (1993).

2. IND.CODE § 35–47–5–4.1 (1993).

3. IND.CODE § 35–47–2–1 and 23 (Supp.1995).

4. We address the sentence for the carrying a handgun without a license charge in the last section of this opinion.

tal error. It is not. The issue is waived. Ind.Appellate Rule 8.3(A)(7); *Williams v. State,* 631 N.E.2d 485, 489 (Ind.1994).

■ The defendant next contends that the trial court erred in refusing to replace a juror when the juror became aware, during trial, that he may have known the defendant. The defendant acknowledges that our standard of review on this issue is for abuse of discretion. Using such a standard, we defer to the ruling of the trial court and will only reverse when the trial court's decision not to replace a juror with an alternate places a defendant in substantial peril. *Harris v. State,* 659 N.E.2d 522, 525 (Ind.1995). Here the juror in question equivocally informed the bailiff that the defendant's name was familiar and that the defendant may have worked for him at some time in the past as a paper carrier for a local newspaper. However, in response to subsequent questioning by the trial court, the juror also stated that his opinion would not be affected one way or the other by that potential prior relationship. The trial court denied the defendant's motion to replace the juror with an alternate. The defendant does not establish that he was placed in substantial peril by the trial court's refusal to replace this juror.

■ Finally, the defendant challenges his sentence for carrying a handgun without a license. At the sentencing hearing the trial judge orally informed the defendant that he was being sentenced to 365 days on this charge to run concurrently with the sentence for murder. That would be an appropriate sentence for a class A misdemeanor. However, the abstract of judgment sent to the Department of Corrections reflected that the defendant was sentenced to the handgun charge as a C felony with a two year sentence. Record at 122. The trial court did not prepare and sign a judgment as required by Indiana Criminal Rule 15.1. Normally when a proper judgment is prepared, the court clerk then makes a verbatim entry of such judgment in the Record of Judgments and Orders ("RJO") and also places a summary notation of the RJO entry in the Chronological Case Summary ("CCS"). Ind.Criminal Rule 15.1. *See also* Ind.Trial Rule 77. In the present case, the required

separate judgment was not done, but a CCS entry exists. Although consistent with the abstract of judgment given to the Department of Corrections, the CCS varies from the court's oral sentencing pronouncement. The CCS entry is not an adequate substitute for a full-text judgment signed by the court.

To resolve the inconsistency between the judge's in-court pronouncement of sentence and the subsequent abstract of judgment, we find guidance in analogous claims where sentence modification hearings were conducted in the absence of the defendant. Various approaches have been taken. We have held it was harmless where the trial court had no discretion as to the sentence and where it imposed the same sentence as at the first sentencing where the defendant was present. *Royal v. State,* 272 Ind. 151, 396 N.E.2d 390 (1979). However, because the CCS entry lengthened the sentence in the present case, we do not consider it harmless. We note that in such cases the Court of Appeals has either stricken the sentence modification, *Disney v. State,* 441 N.E.2d 489, 494 (Ind.Ct. App.1982), or remanded to the trial court for a proper sentencing. *Edwards v. State,* 518 N.E.2d 1137, 1142 (Ind.Ct.App.1988).

While either approach is available, we elect to reinstate the original in-court sentencing and to vacate the subsequent contradictory language.

The judgment of the trial court is affirmed, except as to sentencing, and this cause is remanded to the trial court to enter judgment consistent with its oral sentencing pronouncement.

SHEPARD, C.J., and SULLIVAN, SELBY, and BOEHM, JJ., concur.