**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**JOHN ANDREW GOODRIDGE**
Evansville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON J. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana

FILED

Feb 20 2013, 9:32 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JEANNIE A. DICKMAN , | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 82A01-1205-CR-202 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE VANDERBURGH SUPERIOR COURT
The Honorable Wayne S. Trockman, Judge
Cause No. 82D02-0909-FD-917

**February 20, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issue

Jeannie Dickman appeals her conviction for conversion as a Class A misdemeanor. Dickman raises one consolidated issue on appeal: whether there was a material variance in the charging information and the evidence presented. Concluding that the variance was not material, we affirm.

## Facts and Procedural History

On September 28, 2009, the State filed an information charging Dickman with theft as a Class D felony. The information alleged that Dickman "did knowingly exert unauthorized control over the property of Suzanne Bowling and/or Skin Solutions, to-wit: lawful United States currency, with the intent to deprive the said Suzanne Bowling and/or Skin Solutions of the value and use thereof . . . ." Appellant's Appendix at 32. The charge was related to checks that had been written by clients directly to Dickman when Dickman was employed as an aesthetician at Bowling's Skin Solutions business. Additionally, Dickman had used Bowling's credit card for personal purchases.

Dickman waived her right to a jury trial, and a bench trial commenced on May 11, 2011. After several continuances, the trial concluded on February 3, 2012. The court found Dickman guilty of the lesser included charge of conversion, as a Class A misdemeanor. The court sentenced Dickman to one year in jail but suspended the sentence to non-reporting probation. This appeal followed. Additional facts will be supplied as necessary.

Discussion and Decision

I. Final Appealable Order

As a threshold issue, the State argues that this appeal should be dismissed for lack of a final appealable judgment, because the docket for this case indicates that the trial court took the issue of restitution under advisement. Dickman also raised an issue in her appeal regarding the jurisdiction of the court to delay its ruling on restitution. Because of our resolution of the court's sentencing order here, we do not reach Dickman's argument on that issue.

The parties point out that there is a difference between the trial court's remarks at oral sentencing and the written docket. The docket sheet for the case notes that on April 5, 2012:

> AFTER HAVING THIS MATTER UNDER ADVISEMENT AND AFTER HAVING HAD AN OPPORTUNITY TO REVIEW ALL OF THE EXHIBITS AND THE COURT'S NOTES TAKEN DURING THE TRIAL OF THIS CAUSE, NOW FINDS THE DEFT, JEANNIE A. DICKMAN, GUILTY OF THE LESSER INCLUDED OFFENSE OF CONVERSION, A CLASS A MISDEMEANOR, AND ENTERS FINAL JUDGMENT OF CONVICTION ACCORDINGLY. PARTIES WAIVE PSI. AFTER HEARING COMMENTS OF COUNSEL AND THE VICTIM IN THIS CAUSE, THE COURT NOW SENTENCES THE DEFT AS FOLLOWS: TO THE VANDERBURGH COUNTY JAIL FOR A PERIOD OF 1 YEAR, SUSPENDED TO NON-REPORTING PROBATION. THE COURT TAKES THE ISSUE OF RESTITUTION UNDER ADVISEMENT, COURT NOTING THERE IS A PENDING CIVIL MATTER UNDER CAUSE NO. 82D03-0907-PL-3772. COSTS OF THIS ACTION ARE ASSESSED AGAINST THE DEFT.

Id. at 5. However, at sentencing, the court said several times that it was declining to issue an order on restitution because that was more appropriate for the court in the pending civil matter. At the beginning of the sentencing hearing the court said:

3

> The Court declines to make an order on restitution and the Court declines to make that order on restitution for the reason that there is a pending civil matter that encompasses all of these issues and that restitution, the Court believes that restitution should more properly be determined in that proceeding.

Id. at 97. The court then discussed pre-sentence, and took comments from the parties and the victim. The court then sentenced Dickman and said:

> The court sentences you, Ms Dickman, to the Vanderburgh County Jail for a period of 1 year, suspended to non-reporting probation. You do not have to report to the Probation Office or probation officer, but you are on probation for 1 year. The restitution will be resolved in the civil matter. Was there a bond posted?

Id. at 99.

The record makes it clear that the court had no intention of taking restitution under advisement and was going to leave the determination of restitution to the court handling the civil matter.[1] While we recognize that the trial court's chronological case summary (CCS) is the court's official record, and that the trial court speaks through its docket, there is precedent for disregarding a CCS entry if it is shown to be factually inaccurate. Ind. Trial Rule 77(B); Henderson v. State, 769 N.E.2d 172, 175 n.4 (Ind. 2002); Whatley v. State, 685 N.E.2d 48, 50 (Ind. 1997); Gibson v. State, 910 N.E.2d 263, 267 (Ind. Ct. App. 2009); Young v. State, 765 N.E.2d 673, 678 (Ind. Ct. App. 2002). We therefore conclude that the entry in the docket regarding taking restitution under advisement was entered in error. The court's sentence was for one year, suspended to non-reporting probation, and that was a final appealable order. The matter is therefore now properly before us.

---

[1] At the same hearing, the court advised the parties that it would recuse itself from the civil matter, and so it is clear that the court intended to have no hand in deciding restitution.

4

## II. Variance between the Charging Information and the Evidence

### A. Standard of Review

When a defendant claims there is a variance between the charging information and the evidence at trial, we must determine whether the variance is material. A material variance is one that misleads the defendant in the preparation of the defense or presents the risk of double jeopardy, and it therefore requires reversal of a conviction. McCullough v. State, 672 N.E.2d 445, 448 (Ind. Ct. App. 1996), trans. denied. However, if the variance does not harm the defendant, then no reversal is required. Id. The test for whether a variance is material requires us to determine (1) whether the defendant was misled by the variance in the preparation and maintenance of his defense, and was he harmed or prejudiced thereby; and (2) whether the defendant will be protected in a future criminal proceeding covering the same event, facts, and evidence against double jeopardy. Allen v. State, 720 N.E.2d 707, 713 (Ind. 1999).

### B. Materiality of Variance

In the present case, there was a variance between the charging information, which alleged that Dickman had exerted unauthorized control over "lawful United States currency," and the evidence at trial, which included checks and credit card statements, but not cash. Appellant's App. at 32. Dickman does not argue that she was misled by the variance in the preparation of her defense, but rather argues that the variance is material because it will potentially subject her to double jeopardy in the future. We disagree.

Dickman claims that she is "at risk for subsequent prosecutions for theft with the basis of these subsequent charges being the alleged credit card transactions and the alleged checks solicited from patients and deposit[ed] into her checking account. . . .

5

because the checks and credit card transactions were not charged." Appellant's Brief at 14. Our supreme court has established a two-part test for analyzing double jeopardy claims in which

> two or more offenses are the "same offense" in violation of Article I, Section 14 of the Indiana Constitution, if, with respect to either the statutory elements of the challenged crimes or the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense.

Richardson v. State, 717 N.E.2d 32, 49 (Ind. 1999) (emphasis in original). The statutory elements and actual evidence are two separate considerations such that even if two offenses are capable of being committed by different acts, a violation of double jeopardy may nonetheless occur where "the actual evidence presented at trial demonstrates that each offense was not established by separate and distinct facts." Montgomery v. State, 804 N.E.2d 1217, 1224 (Ind. Ct. App. 2004), trans. denied. Here, if Dickman were to be charged again with theft predicated on the same checks and credit card transactions that underlie this case, a conviction would violate double jeopardy based on the actual evidence part of the Richardson test. Even though those checks and transactions were not charged in the current case, they were the actual evidence used to convict Dickman and so she could not be convicted again using that same actual evidence.[2]

---

[2] We recognize that Dickman was convicted of the lesser included charge of conversion, and not of theft. However, the United States Supreme Court has noted that "the Fifth Amendment forbids successive prosecution and cumulative punishment for a greater and lesser included offense," and so the actual evidence that was used here would not be available to the State for future theft charges against Dickman. Brown v. Ohio, 432 U.S. 161, 169 (1977).

## Conclusion

Concluding that the variance between the charging information and the actual evidence presented at trial was not material because Dickman was not misled and is not left open to double jeopardy, we affirm.

Affirmed.

MAY, J., and PYLE, J., concur.