## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 29 2016, 8:53 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Peter D. Todd
Elkhart, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General

Eric P. Babbs
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Kenneth L. Shafer,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

January 29, 2016

Court of Appeals Case No.
20A03-1507-CR-898

Appeal from the Elkhart Superior Court

The Honorable Charles Carter Wicks

Trial Court Cause No.
20D05-1501-F6-21

**Vaidik, Chief Judge.**

# Case Summary

Kenneth Shafer appeals his sentence because of a discrepancy between the oral and written sentencing orders. Specifically, the trial court orally pronounced a "suspended" sentence on one of the four counts to which he pleaded guilty, but there is no mention of this suspension in the written sentencing order or abstract of judgment. Although the discrepancy is likely harmless error, we acknowledge that the written sentencing order is consistent with the abstract of judgment and allows Shafer to receive credit for time served. We therefore determine that the written sentencing order imposes the proper sentence.

# Facts and Procedural History

On January 8, 2015, the State charged Kenneth Shafer with three counts of intimidation, each Level 6 felonies, and one count of public intoxication, a Class B misdemeanor.[1] Shafer pleaded guilty to all counts and a sentencing hearing was held on May 4, 2015. The trial court orally sentenced Shafer to an aggregate sentence of four years as follows:

> Count I, two and one-half years at the Indiana Department of Correction (IDOC);

---

[1] Shafer has an extensive criminal history that includes convictions for felony theft, battery with injury, and operating a vehicle while intoxicated, as well as a host of misdemeanor convictions, including numerous public intoxication convictions. *See* Appellant's App. p. 17-24.

Count II, one and one-half years at the IDOC, consecutive to Count I;

Count III, one and one-half years at the IDOC, consecutive to Count I but concurrent to Count II;

Count IV, "six months Elkhart County Jail, placed on one year of good behavior, suspended."

Sent. Tr. p. 22-24.

[3] The written sentencing order and abstract of judgment, however, are inconsistent with this oral sentence. Specifically, they state that Count IV is to be served concurrent to Counts II and III and is not suspended. Shafer now appeals his sentence, requesting that this Court find that the written sentencing order is correct.

# Discussion and Decision

[4] The approach employed by Indiana appellate courts in reviewing sentences in non-capital cases is to examine both the written and oral sentencing statements to discern the findings of the trial court. *McElroy v. State*, 865 N.E.2d 584, 589 (Ind. Ct. App. 2007); *see also Whatley v. State*, 685 N.E.2d 48, 50 (Ind. 1997) (where the Court had the option of either striking a sentence modification that appeared in a CCS entry and contradicted the trial court's oral sentencing order or remanding to the trial court for a proper sentencing, the Court found that the contradiction was not harmless error and elected to reinstate the original in-

court sentencing and vacate the subsequent contradictory language). This Court has the option of crediting the statement that accurately pronounces the sentence or remanding for resentencing. *McElroy*, 865 N.E.2d at 589.

[5] Here, at the time of sentencing, the trial court orally ordered the following sentence on Count IV: "six months of Elkhart County Jail, placed on one year of good behavior, suspended." Sent. Tr. p. 23. In the written sentencing order, there is no mention of this sentence being suspended, but the order gives Shafer credit for 119 days served plus applicable earned credit time. Appellant's App. p. 27. Furthermore the abstract of judgment ordered Shafer to serve 180 days on Count IV. *See id.* at 29. Orally at sentencing, in the written order, and in the abstract of judgment, the trial court ordered Count IV to run concurrent with Counts II and III.

[6] Shafer concedes that since Count IV was to run concurrent with Counts II and III, this discrepancy may have no actual impact. "However, Shafer will not receive credit for time[] served on Count IV, if the oral sentence is controlling, and a possibility exists that he may have to serve additional time should he be released on Counts I, II, and III." Appellant's Br. p. 2. Shafer thus requests that we find the written sentencing order, which is consistent with the abstract of judgment, to be the proper sentencing order. The State contends that it makes no difference whether a sentence served concurrently with a longer, executed sentence is deemed "suspended," and thus the error is harmless. *See* Appellee's Br. p. 8. We agree that the error is likely harmless, but in light of the scenario set forth by Shafer, we find the best course of action is to determine

that the written sentencing order, which is consistent with the abstract of judgment and under which Shafer will receive credit for time served, is the proper sentencing order.

[7] Affirmed.

Bailey, J., and Crone, J., concur.