FILED

Jun 07 2019, 8:50 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Talisha Griffin
Marion County Public Defender Agency
Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caryn N. Szyper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Lawrence Amick,

*Appellant-Defendant*,

v.

State of Indiana,

*Appellee-Plaintiff*.

June 7, 2019

Court of Appeals Case No.
19A-CR-27

Appeal from the Marion Superior
Court

The Honorable Elizabeth Christ,
Judge

Trial Court Cause No.
49G24-1607-F6-27107

**Brown, Judge.**

[1] Lawrence Amick appeals his sentence for forgery and auto theft as level 6 felonies. He raises one issue which we revise and restate as whether the trial court abused its discretion in entering community corrections fees based on a sliding scale. We remand.

## Facts and Procedural History

[2] In July 2016, the State charged Amick with forgery and auto theft as level 6 felonies. On October 23, 2018, the court held a jury trial, and the jury found him guilty as charged. On December 12, 2018, a sentencing hearing was held and Amick was sentenced to 730 days in community corrections for each count to be served concurrently. Amick's counsel then questioned him regarding his employment, income, and children. The following exchange then occurred:

> [Defense Counsel]: Alright. Judge, I would ask the court to find him indigent in regards to any additional fines, fees, and cost, eligible for a sliding scale for home detention. I'm assuming that the Thinking for a Change classes can be offered through Community Corrections?
>
> THE COURT: Yes.
>
> [Defense Counsel]: Okay. So, I – I don't know if there's a way that they can discount that or put that on a sliding fee scale, but if they could, we request that.
>
> THE COURT: The Court will not impose a fine. I am imposing court cost in the amount of hundred and eighty-five dollars ($185.00). I'm imposing a one hundred dollar ($100.00) Public Defender recoupment fee. I'm going to order the cash bond refund applied to court cost, PD recoupment fee, and then two hundred and ten dollars ($210.00) held for Marion County Community Corrections fees that you'll be incurring. I'm

ordering Community Corrections to evaluate you for sliding scale fees for the cost of your home detention, and I have appointed pauper counsel for the purpose of appeal.

Transcript Volume II at 178.

[3] The sentencing order lists concurrent sentences of 730 days for each count with zero days suspended. Under "Sentencing Conditions," it lists "Community Corrections" under "Condition" and "sliding scale for fees" under "Amount/Comment." Appellant's Appendix Volume II at 12 (capitalization omitted). It lists "Home Detention" and an effective date of December 12, 2018. **(12)** It also lists certain "Court Costs and Fees" and the corresponding amounts which totaled $285. *Id.* at 13. An order titled "Order of Commitment to Community Corrections (Sentencing location CCC)" states that Amick was sentenced to 730 days executed in Community Corrections and states "sliding scale for fees" for community corrections with an effective date of December 12, 2018. *Id.* at 165.

[4] On December 13, 2018, the Marion County Community Corrections ("MCCC") filed a memo stating that a bond was posted with the Marion County Clerk's Office on behalf of Amick in the underlying cause and that he owed monetary obligations to MCCC in the amount of $3,680. It also requested that the bond amount filed with the Clerk's Office be transferred to it to apply toward the outstanding balance of program costs associated with the services provided to Amick. On December 20, 2018, the court approved the MCCC's request and entered a "Bond Refund Order," which states in part:

The defendant in the above-mentioned cause number had a bond posted under receipt number 2016-80366-CCB. There is a refund accessible in the amount of $495. The CLERK of the Court is hereby directed to apply bond money to the following:

1. $185.00 to Court Costs

2. $100.00 to PD Fee

3. $210.00 to Community Corrections

*Id.* at 172.

## *Discussion*

[5] The issue is whether the trial court abused its discretion in entering the community corrections fees based on a sliding scale. Sentencing decisions include decisions to impose fees and costs. *Johnson v. State*, 27 N.E.3d 793, 794 (Ind. Ct. App. 2015). A trial court's sentencing decisions are reviewed under an abuse of discretion standard. *McElroy v. State*, 865 N.E.2d 584, 588 (Ind. 2007). "An abuse of discretion has occurred when the sentencing decision is 'clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom.'" *Id.* (quoting *K.S. v. State*, 849 N.E.2d 538, 544 (Ind. 2006)). "If the fees imposed by the trial court fall within the parameters provided by statute, we will not find an abuse of discretion." *Berry v. State*, 950 N.E.2d 798, 799 (Ind. Ct. App. 2011).

[6] Amick argues that the court abused its discretion when it ordered MCCC to evaluate him for sliding scale fees for the cost of home detention and asserts that the court holds the discretion to impose fees. The State argues that Amick

invited any error when he specifically requested the court to impose home detention fees on a sliding scale. It states that, "[w]hile the scale is not included in the record, it appears to have been a fee schedule known to the court and the parties, and thus, [MCCC] merely implemented the trial court's order by applying its scale to Amick's financial circumstances." Appellee's Brief at 9. It acknowledges that, "because the sliding fee scale is not in the appellate record, it is unknown on appeal what the trial court was referring to and how it is administered," and asserts that "[t]o the extent that this Court deems that information necessary to Amick's appeal, this Court should remand to the trial court to give it an opportunity to clarify its intent regarding the home detention fees." *Id.* at 12. In reply, Amick asserts that no error was invited and that he is arguing that the court abused its discretion when it granted MCCC authority to determine what the sliding scale would be without first petitioning the court and receiving approval for the estimated costs.

[7] Rules governing the direct placement in a community corrections program are governed by Ind. Code § 35-38-2.6 *et seq. State v. Vanderkolk*, 32 N.E.3d 775, 777 (Ind. 2015). Ind. Code § 35-38-2.6-4.5 provides that, if a court places a person on home detention as part of a community corrections program, the placement must comply with all applicable provisions in Ind. Code §§ 35-38-2.5. Ind. Code § 35-38-2.5-6(7) provides that an order for home detention must include "[a] requirement that the offender pay a home detention fee *set by the court* . . . ." (Emphasis added).

[8] The record does not include the "sliding scale" or state who established it or who administers it. We have no way of knowing whether the trial court intended to delegate any statutory responsibility to MCCC or whether the fees requested by MCCC and entered by the trial court were consistent with the sliding scale. Accordingly, we remand the matter to provide the trial court an opportunity to clarify its intent regarding the fee and for further proceedings consistent with this opinion.

### *Conclusion*

[9] For the foregoing reasons, we remand.

[10] Remanded.

May, J., and Mathias, J., concur.