## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 18 2020, 10:10 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Christopher Kunz
Marion County Public Defender
Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Courtney Staton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Steven Thomas,

*Appellant-Defendant*,

v.

State of Indiana,

*Appellee-Plaintiff*.

March 18, 2020

Court of Appeals Case No.
19A-CR-2084

Appeal from the Marion Superior Court

The Honorable Marshelle Dawkins Broadwell, Magistrate

Trial Court Cause No.
49G17-1907-F6-27189

**Brown, Judge.**

[1] Steven Thomas appeals his sentence for domestic battery as a class A misdemeanor. He raises one issue which we revise and restate as whether the trial court abused its discretion in sentencing him with respect to certain fees. We remand.

*Facts and Procedural History*

[2] On July 12, 2019, the State charged Thomas with strangulation as a level 6 felony and domestic battery as a class A misdemeanor. On August 8, 2019, the court held a bench trial. The court found Thomas guilty of domestic battery as a class A misdemeanor and not guilty of strangulation as a level 6 felony. At the end of the trial, the court stated:

> [T]he Defendant is going to be sentenced in this matter to three hundred and sixty-five (365) days, with credit for 22 (22) days, which leaves three hundred and forty-three (343) days remaining. One hundred and twenty (120) days will be served on Marion County Community Corrections Home Detention, with GPS Monitoring. Two hundred and twenty-three (223) of the total three sixty-five (365) will be suspended to probation.

Transcript Volume II at 20.

[3] Upon questioning by the court, Thomas indicated he was not working, lost his job because of his incarceration, and was in the process of looking for employment. The court stated:

> So, with respect to court costs, I'm going to find you indigent to court costs and I'm not going to order a fine, and I will cap probation fees at a total of one hundred dollars ($100.00USD).

> Sir, you may appeal both the sentence and the conviction. You have thirty (30) days to do so, if you fail to do so, you waive your right to appeal. If you need the public Defender Agency to represent you for the appeal, I can appoint them as pauper counsel.

*Id.* at 21.

[4] On August 22, 2019, the court entered an order which listed the "Sentence" as "0 Year(s) and 365 Day(s)" and under the heading "Suspended" stated "0 Year(s) and 343 Day(s)." Appellant's Appendix Volume II at 12 (some capitalization omitted). Under "Confinement Type," the court listed community corrections and, under "Confinement Comments," the order stated: "Defendant is sentenced to 120 days MCCC/HD/GPS and 223 Probation." *Id.* (some capitalization omitted). Under "Sentencing Conditions" and "Amount/Comment," the court listed "120 days. Sliding scale" for each category of "Community Corrections," "Electronic Monitoring," and "Home Detention." *Id.* at 12-13. Under "Probation," it stated "223 Days. Fees capped at $100.00." *Id.* at 13. Under "Monetary Obligations" and "Court Costs and Fees," the court listed a $100 Supplemental Public Defender Fee. *Id.* An entry in the chronological case summary ("CCS") states: "Conditions of Community Corrections *Sliding Scale*." *Id.* at 8. A document titled "Courtroom Minutes – Criminal Pre-Trial/Guilty Plea" contains handwritten notations of "Cap Prob Fees $100.00 NCO remains" and "Prob-capped @ 100.00." *Id.* at 44-45.

[5] On October 7, 2019, Marion County Community Corrections ("MCCC") filed a discharge summary indicating Thomas successfully completed his home

detention sentence through community corrections. The discharge summary states he "paid $0.00 towards their fees and [is] currently $840.00 in arrears to [MCCC]." *Id.* at 51. On October 8, 2019, the court granted the motion for discharge. In a letter from Thomas's probation officer to the court, which was filed on October 15, 2019, the officer noted that the court ordered Thomas's probation fees be capped at $100.00 and sought "clarification on how much is to be assessed to his Administrative fee and how much is to be assessed as his Probation User fee." *Id.* at 52. On October 16, 2019, the court entered an order indicating to "[s]plit the fee 50/50." *Id.* at 53.

## *Discussion*

[6] The issue is whether the trial court abused its discretion in sentencing Thomas with respect to fees. Sentencing decisions include decisions to impose fees and costs. *Johnson v. State*, 27 N.E.3d 793, 794 (Ind. Ct. App. 2015). A trial court's sentencing decisions are reviewed under an abuse of discretion standard. *McElroy v. State*, 865 N.E.2d 584, 588 (Ind. 2007). "An abuse of discretion has occurred when the sentencing decision is 'clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom.'" *Id.* (quoting *K.S. v. State*, 849 N.E.2d 538, 544 (Ind. 2006)). "If the fees imposed by the trial court fall within the parameters provided by statute, we will not find an abuse of discretion." *Berry v. State*, 950 N.E.2d 798, 799 (Ind. Ct. App. 2011).

[7] Thomas argues his fees for home detention as a condition of probation must be capped at $100 because that was the court's only verbal order while he was

present in court, the fee of $840 was not ordered by the court, and the $100 cap on probation fees must also apply to any home detention fees assessed. He asserts that, if this Court finds the sliding scale language in the sentencing order and CCS supersedes the court's oral order at sentencing, we should remand for the trial court to clarify its intent regarding fees because the record is unclear whether the court improperly delegated its statutorily-imposed responsibility to set the home detention fees.

[8] The State asserts remand is appropriate to allow the trial court to determine the amount of fees owed. It contends the court's order that Thomas's probation user fees be capped at $100 would not similarly cap his home detention fees because home detention fees are distinct from probation user fees and that remand will allow the trial court to clarify its intent.

[9] Ind. Code § 35-38-2.5-5 provides that "as a condition of probation a court may order an offender confined to the offender's home for a period of home detention." Ind. Code § 35-38-2.5-6(7) provides that an order for home detention must include "[a] requirement that the offender pay a home detention fee *set by the court* in addition to the probation user's fee required under IC 35-38-2-1 or IC 31-40."[1] (Emphasis added).

---

[1] Rules governing the direct placement in a community corrections program are governed by Ind. Code § 35-38-2.6 *et seq. State v. Vanderkolk*, 32 N.E.3d 775, 777 (Ind. 2015). Ind. Code § 35-38-2.6-1(a) provides that "this chapter applies to the sentencing of a person convicted of a felony whenever any part of the sentence may not be suspended under IC 35-50-2-2.1 or IC 35-50-2-2.2." Thomas asserts that, because he was not convicted of a felony, his sentence to home detention was necessarily as a condition of probation pursuant to Ind. Code § 35-38-2.5-5.

[10]    The record does not indicate who established the "sliding scale" or who administers it. We have no way of knowing whether the trial court intended to delegate any statutory responsibility regarding fees to MCCC or whether the fees requested by MCCC were consistent with the sliding scale. Accordingly, we remand the matter to provide the trial court an opportunity to clarify its intent regarding the fees and for further proceedings consistent with this opinion.[2] *See Amick v. State*, 126 N.E.3d 909, 911-912 (Ind. Ct. App. 2019) (remanding the matter to provide the trial court an opportunity to clarify its intent regarding the fee).

[11]    Remanded.

Baker, J., and Riley, J., concur.

---

[2] Thomas argues that, to the extent the sentencing order and CCS contradict what the court verbally told him, we should follow *Whatley v. State*, 685 N.E.2d 48 (Ind. 1997). In that case, the trial court orally informed the defendant that he was being sentenced to 365 days, but the abstract of judgment sent to the Department of Correction reflected that the defendant was sentenced to the charge as a class C felony with a two-year sentence. 685 N.E.2d at 50. The Court observed that the required separate judgment under Indiana Criminal Rule 15.1 was not done, but noted that a CCS entry existed which was consistent with the abstract of judgment but varied from the court's oral sentencing pronouncement. *Id.* The Court held that various approaches have been taken to resolve the inconsistency between a judge's in-court pronouncement of sentence and the subsequent abstract of judgment. *Id.* The Court observed that the Court of Appeals has either stricken the sentence modification or remanded to the trial court for a proper sentencing. *Id.* The Court held that "*[w]hile either approach is available*, we elect to reinstate the original in-court sentencing and to vacate the subsequent contradictory language." *Id.* (emphasis added). *Whatley* does not preclude remand in this case.