## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 01 2020, 11:24 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Valerie K. Boots
Kelly M. Starling
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Rita Taylor,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

April 1, 2020

Court of Appeals Case No.
19A-CR-2517

Appeal from the Marion Superior Court

The Honorable David Certo, Judge

Trial Court Cause No.
49G12-1809-CM-33248

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Rita Taylor (Taylor), appeals her conviction and sentence for operating a vehicle while intoxicated endangering a person, a Class A misdemeanor, Ind. Code § 9-30-5-2(b).

We affirm in part, reverse in part, and remand for further proceedings.

# ISSUES

Taylor presents this court with two issues, which we restate as:

(1)  Whether the State proved beyond a reasonable doubt that Taylor endangered a person while driving intoxicated; and

(2)  Whether the trial court abused its discretion when it imposed certain probation fees to be assessed on a sliding scale.

# FACTS AND PROCEDURAL HISTORY

At approximately 4:00 p.m. on September 5, 2018, Officer Craig Wildauer (Officer Wildauer) of the Indianapolis Metropolitan Police Department was on patrol when he observed a vehicle driven by Taylor traveling north on Denny Street and turning east onto 13th Street.  Officer Wildauer observed that Taylor's vehicle had a cracked windshield and that she was driving left of center.

Officer Wildauer initiated a traffic stop.  When he spoke to Taylor, Officer Wildauer noted a strong odor of alcohol emanating from her, her eyes were glassy and bloodshot, her speech was slurred, and her balance was unsteady, all of which he recognized through his training and experience as indicia of

intoxication. Officer Wildauer administered Taylor a horizontal gaze nystagmus test, which she failed. Officer Wildauer concluded that Taylor was impaired.

[6] Officer Wildauer advised Taylor of Indiana's implied consent law and her *Miranda* rights. Taylor told Officer Wildauer that she had consumed three sixteen-ounce cans of beer and that she had taken Oxycodone at 2:00 p.m. Taylor consented to a chemical test, which indicated the presence of alcohol and Oxycodone.

[7] On September 29, 2018, the State filed an Information, charging Taylor with Class A misdemeanor operating a vehicle while intoxicated endangering a person and Class A misdemeanor operating a vehicle with an ACE of .08 or more. On August 14, 2019, the trial court held Taylor's bench trial. Officer Wildauer testified that Denny Street is narrow and does not have road lines but that it has adequate room for two vehicles to pass each other. The officer related that when cars are parked along the street, moving vehicles must travel left of center to get around a parked car. Otherwise, "when there are no vehicles there, a vehicle, typically you'll stay on your right side of the roadway. You wouldn't be in the northbound part of the lane traveling up the north side of the road. That's left of center." (Transcript p. 15). According to Officer Wildauer, Taylor was not swerving as she drove on Denny Street, but she was not maintaining her lane of travel "when available[,]" which is a traffic infraction. (Tr. p. 13). The trial court granted Taylor's motion to dismiss the

charge of operating with an ACE of .08 or more but found Taylor guilty of operating a vehicle while intoxicated endangering a person.

[8] On September 26, 2019, the trial court held Taylor's sentencing hearing. Taylor's counsel asked that the trial court consider waiving or lowering Taylor's fees because she is on a fixed income and had lost her Medicaid benefit. The trial court sentenced Taylor to 365 days, all suspended to time served and probation. The trial court ordered probation with "the standard conditions and fees." (Tr. p. 40). The trial court also stated that it would "ask that the probation department place you on a sliding scale concerning fees. They will ask you to pay what they think you're able to pay. But, if money is left over at the end of the case, we can talk about it here." (Tr. p. 41). The trial court stated that it imposed a $400 assessment fee and a mandated $200 countermeasure fee. The trial court declined to impose $185.50 in court costs, provided that Taylor was not arrested during her probation period. The trial court also ordered Taylor to attend a destructive decision panel, undergo a substance abuse evaluation, follow all substance abuse treatment recommendations, attend an impact panel, and refrain from the use of alcohol and any medication for which she did not have a prescription. Taylor's probation was to become non-reporting after she completed the terms imposed and paid all fees.

[9] The trial court's written sentencing order provided for the following probation fees:

| | |
|---|---|
| Adult Probation Administrative Fee | $50.00 |
| Adult Probation Monthly and Initial User Fee | $281.30 |
| Alcohol and Drug Counter Fee – County | $150.00 |
| Alcohol and Drug Countermeasures Fee | $50.00 |
| Alcohol/Drug Services Program User Fee | $400.00 |
| Probation User Fee – Clerk's 3% | $8.70 |
| Total | $940.00 |

(Appellant's App. Vol. II, p. 13).

[10] Taylor now appeals. Additional facts will be provided as necessary.

# DISCUSSION AND DECISION

### I. *Sufficiency of the Evidence*

### A. *Standard of Review*

[11] Taylor challenges the sufficiency of the evidence supporting the endangerment element of the offense. It is well-established that when we review the sufficiency of the evidence to support a conviction, we consider only the probative evidence and reasonable inferences supporting the verdict. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). It is not our role as an appellate court to assess witness credibility or to weigh the evidence. *Id*. We will affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id*.

## B. *Endangerment*

[12]     The State charged Taylor with Class A misdemeanor operating a vehicle while endangering a person.  In order to prove the offense, the State was required to show that Taylor operated her vehicle "in a manner that endangere[d] a person."  I.C. § 9-30-5-2(b).  The State may prove the endangerment element by showing that the defendant was operating the vehicle in a condition or manner that could have endangered any person, including the public, the police, or the defendant.  *Outlaw v. State*, 918 N.E.2d 379, 381 (Ind. Ct. App. 2009), *adopted by* 929 N.E.2d 196 (Ind. 2010).

[13]     In *Outlaw*, which Taylor likens to her case, an officer stopped Outlaw's car after observing that it had a non-illuminated license plate light.  *Id*. at 380.  The officer initiated a traffic stop and observed indicia of intoxication when interacting with Outlaw.  *Id*.  Outlaw was convicted of Class A misdemeanor operating his vehicle while intoxicated endangering a person, and, on appeal, Outlaw challenged the evidence supporting the endangerment element of the offense.  *Id*. at 381.  This court held that the State could not rely merely on evidence of a defendant's intoxication to prove endangerment and that the State had failed to prove endangerment because the stop of Outlaw's vehicle was based on "a non-illuminated license plate rather than *erratic or unlawful driving*[.]"  *Id*. at 381-82 (emphasis added).  The court reasoned that, apart from Outlaw's intoxication, there was no evidence that Outlaw had operated his vehicle in a manner that endangered himself or anyone else.  *Id*. at 382.

[14] Taylor also directs our attention to *Poortenga v. State*, 99 N.E.3d 691, 698 (Ind. Ct. App. 2018), in which the court also found insufficient evidence of endangerment where the reason for the traffic stop was a non-illuminated license plate and a non-functioning headlight. However, we find *Outlaw* and *Poortenga* to be distinguishable. Here, Officer Wildauer stopped Taylor because, in addition to having a cracked windshield, she was driving left of center, which the trial court could have reasonably inferred caused a danger to the public. *See Staten v. State*, 946 N.E.2d 80, 84 (Ind. Ct. App. 2011) (finding sufficient evidence of endangerment where officer testified that he saw Staten drive left of center and through a three-way stop), *trans. denied*. Taylor argues that *Staten* is distinguishable because she only committed one moving violation instead of two and that her "action of driving left of center, alone, is not sufficient to prove endangerment." (Appellant's Br. p. 13). However, Taylor provides us with no authority for that proposition. While we agree with Taylor that a cracked windshield did not prove endangerment, we conclude that her act of driving left of center on a public street did.

[15] Taylor also directs our attention to the fact that the street was narrow, had no lane markings, and had cars parked on both sides of the street. Taylor argues that under those conditions, driving left of center is "regularly the safest option." (Appellant's Br. p. 13). Taylor's argument ignores evidence in the record that there where there were no cars parked, there was adequate space to maintain a proper lane and that Taylor did not do so when that space was available. Taylor essentially requests that we consider evidence that does not

support the trial court's judgment and reweigh the evidence, which is contrary to our standard of review. *See Drane*, 867 N.E.2d at 146. Accordingly, we conclude that the State produced sufficient evidence that Taylor endangered a person.

## II. *Probation Fees*

### A. *Standard of Review*

Taylor next contends that the trial court abused its discretion when it imposed probation fees. As a general matter, sentencing decisions include decisions to impose fees and costs. *Amick v. State*, 126 N.E.3d 909, 911 (Ind. Ct. App. 2019). We review a trial court's sentencing decisions for an abuse of discretion. *Id*. An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it, or the reasonable, probable, and actual deductions to be drawn from those facts and circumstances. *McElroy v. State*, 865 N.E.2d 584, 588 (Ind. 2007).

### B. *Presence at Sentencing*

Taylor's first challenge to the trial court's imposition of probation fees is that she was not present when the trial court imposed some of those fees because the trial court's written sentencing order delineated certain fees that it did not mention at the sentencing hearing. As a general rule, a defendant has a statutory and common law right to be present at sentencing. *See* I.C. § 35-38-1-4(a); *Cleff v. State*, 565 N.E.2d 1089, 1091 (Ind. Ct. App. 1991), *trans. denied*.

[18] Taylor was present in court when the trial court imposed its 365-day sentence, all of which was suspended to time served and probation. She was also present when the trial court ordered probation with "the standard conditions and fees." (Tr. p. 40). Taylor does not argue that the fees contained in the trial court's written order but not specifically mentioned at sentencing were outside of standard and authorized probation fees. Inasmuch as Taylor points out a discrepancy between the trial court's oral and written sentencing statements, such discrepancies are resolved by examining the trial court's oral and written sentencing statements to discern its true intent. *McElroy*, 865 N.E.2d at 589. We have the option of crediting the statement that accurately reflects the trial court's intent or remanding for clarification. *Id.* Taylor does not argue that the trial court's written order fails to reflect its true intent, and we conclude from the trial court's oral sentencing statement that it intended to impose "standard" probation fees and that those are the additional fees that appeared in its written sentencing order. (Tr. p. 40). In short, we find no abuse of the trial court's discretion.

## C. *Indigency Hearing and Sliding Scale*

[19] Taylor also contends that the trial court abused its discretion when it imposed probation fees without first conducting an indigency hearing and that its order that her probation fees be placed on a sliding scale impermissibly delegated authority to the probation department to assess her fees. We address each argument in turn.

[20]     Indiana Code section 33-37-2-3(a) provides that when a trial court imposes costs, it "shall conduct a hearing to determine whether the convicted person is indigent." The statute also allows a trial court to impose costs but to suspend payment of some or all of those costs until the defendant has completed some or all of her sentence. I.C. § 33-37-2-3(b). If a trial court has suspended some or all costs, it "shall conduct a hearing at the time the costs are due to determine whether the convicted person is indigent." *Id.*

[21]     Here, the trial court did not conduct an indigency hearing. The trial court imposed probation fees and told Taylor that it would ask the probation department to place her fees on a sliding scale, but it also stated that "if money is left over at the end of the case, we can talk about it here." (Tr. p. 41). It is unclear to us from these statements whether the trial court intended to suspend some or all of Taylor's obligation to pay probation fees until she had completed serving her sentence. Therefore, we vacate that portion of the trial court's sentencing order imposing probation fees and remand to the trial court so that it may clarify its intention and hold an indigency hearing if it imposed probation fees without suspending Taylor's obligation to pay.

[22]     As to Taylor's argument that the trial court impermissibly delegated to the probation department its authority to assess fees, we agree with Taylor's proposition that it is the trial court's, not the probation department's, duty to assess fees. *See* I.C. § 35-38-2-1(e) ("In addition to any other conditions of probation, the court may order each person convicted of a misdemeanor to pay [fees]."). Here, the trial court ordered probation fees but also stated that it

would "ask that the probation department place you on a sliding scale concerning fees." (Tr. p. 41). There is no information in the record regarding the nature of the sliding scale or how it is administered, so we are unable to determine whether the trial court meant to delegate its statutory duty to the probation department to assess fees in this matter. Accordingly, we remand to the trial court to also provide it with an opportunity to clarify its intent regarding the application of the sliding scale to Taylor's probation fees.

# CONCLUSION

[23] Based on the foregoing, we conclude that the State established beyond a reasonable doubt that Taylor operated her vehicle in a manner that endangered a person. We also conclude that the trial court did not impermissibly sentence Taylor in her absence, but we remand to the trial court to clarify its intent regarding whether it suspended the payment of any portion of Taylor's probation fees and regarding the application of the sliding scale to those fees.

[24] Affirmed in part, reversed in part, and remanded for further proceedings.

Mathias, J. concurs

Tavitas, J. concurs and dissents with separate opinion

# IN THE
# COURT OF APPEALS OF INDIANA

Rita Taylor,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

Court of Appeals Case No.
19A-CR-2517

**Tavitas, Judge, concurring and dissenting**

[25] I concur with the majority's determination that the evidence is sufficient to sustain Taylor's conviction for operating a vehicle while intoxicated endangering a person, a Class A misdemeanor. I respectfully dissent, however, regarding the majority's reversal of the probation fees imposed by the trial court.

[26] The trial court here imposed probation fees and ordered the probation department to "place [Taylor] on a sliding scale concerning fees." Tr. Vol. II p. 41. Taylor now argues that the trial court should have conducted an indigency hearing and could not "delegate the determination of Taylor's ability to pay fees

to the probation department" by placing Taylor on a "sliding scale." Appellant's Br. p 17.

[27] This procedure, however, was authorized in *Johnson v. State*, 27 N.E.3d 793 (Ind. Ct. App. 2015). In *Johnson*, the trial court imposed probation fees and ordered "a sliding fee scale for the probation fees, but delayed making an indigency determination until more information regarding Johnson's financial situation came to light." *Johnson*, 27 N.E.3d at 794. This Court held:

> Johnson argues that the trial court abused its discretion when it ordered him to pay $340 in probation fees without first conducting an indigency hearing. Johnson rightly asserts that, under Indiana Code section 33-37-2-3, if a trial court imposes costs on a defendant, a trial court is required to conduct an indigency hearing. However, "the statute does not otherwise dictate when the hearing is to be held." [*Berry v. State*], 950 N.E.2d [798,] 802 (Ind. Ct. App. 2011); Ind. Code § 33-37-2-3. A trial court acts within its authority when it chooses to wait and see if a defendant can pay probation fees before it finds the defendant indigent. *See* Ind. Code ch. 35-38-2 (no language in this chapter requires the trial court to conduct an indigency hearing before or directly after ordering probation fees). That being said, the trial court has a duty to conduct an indigency hearing at some point in time. I.C. § 33-37-2-3. At the latest, an indigency hearing for probation fees should be held at the time a defendant completes his sentence. Consequently, in this case, on the completion of Johnson's sentence, the trial court should conduct an indigency hearing to assess Johnson's ability to pay probation fees.

*Id.* at 794-95 (footnote omitted). Given our holding in *Johnson*, I would affirm the trial court's decision in all respects.